Judge Simpson
delivered the opinion of the Court.
Price’s administrator exhibited his bill in the Fayette Circuit Court, against the President and Directors of the Railroad Company, and Dudley and others, in which he alleged that he had recovered a judgment in the Jefferson Circuit Court, against the Lexington and Ohio Railroad Company for $1504 37, and interest and cost thereon, upon which an execution had been duly issued and returned no property found. He further alleged that the defendants were stockholders in said corporation, and had received dividends upon their stock when there were no actual profits to divide, and when it was illegal and improper to declare such dividends. He, therefore, prayed that so much of said fund in the hands of defendants, as stockholders, might be decreed to him, as would pay and satisfy his judgment at law.
The statute of limitation was relied upon in defence, and also that the fund in the hands of the stockholders belonged to the State of Kentucky, by virtue of certain mortgages, which had been executed by the corporation, and therefore, could not be appropriated to the payment of the complainant’s demand. It was also *85 contended, that the company, having conveyed to the State the road itself and all her property, and having surrendered all her corporate rights and privileges, was, in law and in fact, dissolved, and had no corporate existence whatever; and that, consequently, the suit could not be maintained, or any decree rendered in favor of the complainant.
Decree of the Circuit Court.
The dissolution of a corporation does not have the effect to dissolve its contracts, and creditorsmayenforee their claims against any property of the corporalion which may not have passed to bona fide assignees.
*85 The Circuit Court rendered a decree against Dudley, in favor of the complainant, for the whole amount of the dividends which had been paid to him within five years before the institution of the suit. From that decree Dudley has appealed to this Court.
Upon an examination of the deeds of mortgage, relied upon as having transferred the fund in contest to the State, we are satisfied that it is not embraced by them, and that the State has no interest in it under those deeds.
But, by those deeds, the corporation conveyed to the Commonwealth of Kentucky all its interest in the road, and all its rights and privileges under its charter, which was done by legislative authority. Having failed to pay the debt for which the State was bound, and for whose indemnification the mortgages had been made, a sale of every thing included in the mortgages was made, and the State of Kentucky became the proprietor thereof, with all the rights and privileges of the company. This sale and conveyance was legal and valid, as decided in the case of Harrison and wife vs Lexington and Ohio Railroad Company, (9 B. Monroe, 472.) The original company having thus surrendered the right to construct the road, and destroyed the end for which it was incorporated, was, by operation of law, dissolved, and had no further corporate existence or capacity.
It does not follow, however, that by the dissolution of a corporation, its contracts are dissolved. The obligation of the contract survives, and the creditors may enforce their claims against any property or estate belonging to the corporation, which has not passed into the hands of bona fide purchasers : (8 Peters, 281.) In *86 this case, the dissolution did not occur until after the complainant had instituted his suit, and if he acquired a lien upon the fund in the hands of the stockholders pri- or to that time, a Court of Equity should certainly enforce it, as, otherwise, he would be without remedy.
Theaapitalstoclc of the Lexington and Ohio Railroad Company held to be a trust fund in the hands of the Company, and liable to the payment of its debts.
That the dividends were declared by the Directors when there existed no actual profits to divide, appears to have been established by the Commissioner’s report on file. No execution seems, however, to have been issued upon the complainant’s judgment at law, and as he failed to bring his case within the statutes subjecting choses in action, by the interposition of a Court of Equity, to the payment of a judgment upon which an execution has been returned no property found, the question arises, whether the Court has jurisdiction to afford him any relief.
This bill was evidently framed with a view to relief under the statutes subjecting choses in action to the payment of a judgment upon which an execution had been issued, and had proved unavailing. But although it was framed with that view, it contains allegations sufficient to show that the fund which was distributed among the stockholders under the name of profits, was, in reality, a trust fund in the hands of the Directors for the payment of debts, and should have been retained by them for that purpose. It contains, however, no charge of fraud, and cannot be sustained under the act of 1838; (3 Stat. Law, 116.) to provide against the fraudulent disposition of property, to the pi-ejudice of creditors.
It seems to be very clear, upon general principles, that the capital stock of the Railroad Company, and also its profits, should be regarded as a trust fund for the payment of its debts and liabilities, and that the stockholders were only entitled to such surplus as might remain after their payment. Being a trust fund, it may be followed by the creditors into the hands of any persons who received it with notice of the trust, and as to the stockholders'themselves, they must be considered as affected with the most ample notice: Wood et *87 al. vs Dummer et al., (3 Mason, 308; 2 Story’s Equity, 496.)
To subject such, fund it is necessary that a creditor show thatthe legal remedies had been used ineffectually»
But the question still occurs, -whether the complainant’s bill makes out a case which, upon the facts admitted or proved, entitles him to relief. If it does, it must be simply on the alleged fact, that the defendant, Dudley, has the fund, or part of it, in his possession. Although the complainant has obtained a judgment at law, he has failed to show that the usual remedy by execution was ineffectual. He has not alleged that the corporation is insolvent, or that there was no property belonging to it liable to execution, or that the corporation is dissolved, or that any other obstacle exists to his legal remedy. The mere fact that the fund is a trust fund for the payment of the debts of the corporation does not authorize an application to the Chancellor to follow it into the hands of the stockholders, and to decree its payment over to a creditor, unless facts are alleged which show that his legal remedy would be unavailing, and the interposition of a Court of Equity necessary to enable him to obtain the payment of his demand: (3 Mason’s Reports, 314.)
In the case of Gratz vs Redd, (4 B. Monroe, 178,) the complainant, before he filed his bill, had obtained a judgment at law, upon which an execution had been returned no property found. He also alleged in his bill, that the corporation had no property or estate liable to execution, and made it manifest that his only remedy-was in a Court of Chancery. The reasoning of the Court, therefore, in favor of the jurisdiction of a Court of Equity, must be regarded as having reference to these facts,and the condition of the parties as they stood in that case.
The complainant’s bill not having made out a case-which entitles him to the aid of a Court of Equity, the next inquiry is, whether the defect can be supplied by the statements in the defendant’s answer? Where a discovery is sought, or from the character of the transaction, or the attitude of the parties, it may be fairly presumed that the defendant’s means of information *88 arc better than those of the complainant, the matters stated in the answer may be resorted to in aid of the defects in the bill. It may be doubted whether this case comes within the operation of this principle; as the condition and solvency of the company, and the ability of the complainant to ¡collect his judgment at law, by execution, were matters, if not as much within his knowledge as that of the defendant, about which he might have procured the requisite information, without the exercise of more than reasonable diligence. But conceding that the defects in the bill might be supplied by the statement contained in the defendant’s answer, that the corporation was dissolved, so as to give jurisdiction to a Court of Chancery still we are of opinion that the complainant was not entitled to any decree against the defendant Dudley.
If new matter be introduced into the pleadings in Chancery, the statute of limitation may be relied upon, and time computed up to the time of the introduction of such newmatter.
■ The bill was filed in 1841, but no answer was put in by Dudley until 1848. If, when the answer was filed, the complainant had filed an amended bill, alleging the dissolution of the company, and his consequent right to apply to a Court of Equity for relief, the statute of limitations, plead and relied upon by Dudley at the same time, would have barred the relief sought. Until the filing of such an amendment, the Court would have had no jurisdiction, and until the Court acquired jurisdiction, the statute continued to run. Upon the same principle if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute until the time that the new claim is presented, because, until that time,, there was no Us pendens, as to that matter, between the parties. Besides, in this case, the dissolution of the corporation did not occur until five years had expired, from the time the fund in contest was received by Dudley. And certainly the complainant cannot claim to be in a better position, by aid derived from the defendant’s answer to supply the defects of his bill, than he would be, had he supplied the defects himself by an amended bill filed for the purpose; in which *89 event we consider it clear, that the defendant might have availed himself of the time which had previously elapsed, inasmuch as there was, until the amendment had been filed, no case before the Court of which, upon the pleadings and proof, it had any jurisdiction-.
TV. A. Dudley for appellant; Robinson Sf Johnson for appellee.
And-if the demand had not been barred by the statute of limitations, the decree rendered was for a greater amount than, according to the equity of the case, the complainant was entitled to. This bill showed that dividends had been received by the other stockholders, and contained no allegation showing any reason why the whole of the fund in Dudley’s hands should be applied to the payment of his demand. He did not allege that the other stockholders were insolvent and unable to contribute their proportion, or that other debts existed against the company sufficient to exhaust the fund in the hands of the other stockholders, or any other circumstances denoting an equity against Dudley, to contribute towards the payment of his demand, more than ratable proportion of the fund in his hands, to that which had been received by the other stockholders. But according to the view which we have taken of the effect of the statute of limitations, the complainant was not entitled to any'decree against Dudley.
Wherefore the decree is reversed and cause remanded with directions to dismiss the complainant’s bill.