# KING AND WIFE *vs.* AVERY.

[BILL IN EQUITY FOR DIVISION AND ACCOUNT OF SLAVES.]

1. *Amendment of bill.*—Under the act of Feb. 8, 1858, "amendatory of
proceedings in chancery," (Session Acts, 1857-8, p. 230,) any amend-
ment of a bill, either as to parties or averments, which may become
necessary to meet the justice of the case, or to meet any state of the
proof that will authorize relief, must be allowed by the chancellor,
upon such terms as he may deem just and equitable ; but the statute
does not authorize the allowance of an amendment, which would con-
vert the bill of the wife into the bill of the husband, and enable him
to assert a claim barred by the statute of limitations.

2. *Statute of limitations to amended bill.*—If a bill is filed, by mistake, in the name of the wife as a feme sole, to recover her interest in slaves which accrued to her before her marriage, and which vested in the husband by virtue of his marital rights; and an amended bill is afterwards filed, in the name of husband and wife, after the statute of limitations has barred the husband's right of action,—the statute is a bar to the relief sought, although the statutory bar was not complete when the original bill of the wife was filed.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. JAMES B. CLARK.

THIS is the same case which is reported in 28 Ala. 267, under the title of *Hair, adm'r &c., v. Avery, et al.* The original bill was filed in January, 1852, by James Hair, as the administrator of Mildred Walker, deceased, and Etherlin T. Croxton, against Bryant Avery and Pinkney Jones; and sought a division and account of certain slaves, which had been bequeathed by John Hill, the maternal grandfather of the said Mildred and Etherlin, to his daughter, Mildred Walker, (the mother of said Mildred and Etherlin,) and her children, and which were claimed and held by the defendants under purchases at execution sale against the husband of said Mildred Walker. The chancellor sustained a demurrer to the bill, for want of equity ; but his decree was reversed by this court, at its January term, 1856, and the cause was remanded.—See 28 Ala. 267.

On the 30th May, 1857, a bill of revivor was filed, in the names of M. V. Lacy, as the administrator *de bonis non* of said Mildred Walker, and James King, and Etherlin T. King, his wife ; alleging, that Hair had resigned, and Lacy had succeeded him, as administrator of said Mildred, and that said Etherlin T. had married said James King after the filing of the original bill. Answers were filed to this bill, by both of the defendants, on the 24th June, 1857. On the 30th June, 1858, (two days after an order had passed for the publication of the testimony,) the bill of revivor was dismissed, on motion of the complainants therein ; and on a subsequent day of the same term, on the affidavit of the complainants' solicitor, stating that he did not, at the

time of filing the original bill, know the fact that said Etherlin T. was then married to said James King, the chancellor granted leave to the complainants to amend the original bill, by making it the bill of said King and wife alone ; and the bill was amended accordingly. The defendants answered the amended bill, and, among other defenses, pleaded the statute of limitations of six years. On final hearing, on pleadings and proof, the chancellor held, that the amendment ought not to have been allowed, as it made an entirely new case; and that the statute of limitations was a complete bar to the relief sought by the bill as amended. He therefore dismissed the bill; and his decree is now assigned as error.

TURNER REAVIS, for appellants—1. The amendment was properly allowed.—Session Acts, 1857–8, p. 230, § 3; *Blackwell v. Blackwell*, 33 Ala. 57. All amendments, properly allowed, take effect, so far as the equity of the bill is concerned, as of the date of the original bill.—*Blackwell v. Blackwell*, 33 Ala. 57; *Cain v. Gimon*, 36 Ala. 168; 1 Dan. Ch. Pr. 455, and cases cited. It must, then, necessarily follow, that if the statute of limitations had not effected a bar when the original bill was filed, it cannot avail as a defense to the amended bill; as in analogous cases at law, where the statute is held not available as a bar to an amended complaint, if the action was commenced before the bar was perfected, because the amendment relates back to the commencement of the suit.—*Agee v. Williams*, 30 Ala. 636; *Bradford v. Edwards*, 32 Ala. 628.

2. If James King had died, after the filing of the original bill, but before the filing of the amended bill, Mrs. King certainly might have amended her bill, by stating her marriage and the death of her husband, without letting in the defense of the statute of limitations. The cause of action was the wife's; her husband could not have maintained a suit to recover it, without joining her as a coplaintiff with him ; and if he had died before recovering it, it would have survived to her. In such case, if the statute

of limitations does not bar the wife, it can neither be allowed against the husband alone, nor against both.—*Merrit v. Doss,* 31 Miss. (2 George,) 275 ; *Wood v. Riker,* 1 Paige, 616 ; *Black v. Whitall,* 1 Stockton, (N. J.) 572 ; *Williams v. Lanier,* Busbee's (N. C.) Law R. 30.

E. W. PECK, *contra.*—1. The statute of limitations had effected a bar as to James King, before the passage of the act of 1858, under which the amendment was at first allowed ; and the amendment cannot, in view of that fact, be said to "meet the justice of the case." Moreover, the amendment ought not to have been allowed, because it made an entirely new case, founded on a new title.—*Rogers v. Atkinson,* 14 Geo. 322. The amended bill must be regarded as the suit of the husband alone, being founded on his title, and seeking to recover the property for him ; and the decree therein rendered would not, in any future litigation, be binding on the wife.—9 Paige, 247, and cases cited ; Story's Eq. Pl. § 61.

2. Where new matter is brought forward by amendment, which will affect the opposite party prejudicially, the amendment will not have relation back to the filing of the original bill, but will only be considered as pending from the time it was actually filed.—Story's Eq. Pl. § 904 ; Mitford's Pl. 380 ; *McDougald v. Dougherty,* 11 Geo. 594 ; *Holmes v. Trout,* 1 McLean, 1 ; 7 Peters. 214 ; *Miller v. McIntyre,* 6 Peters, 64 ; *Woodward v. Ware,* 37 Maine, 563 ; *Dudley v. Pierce's Administrator,* 10 B. Monroe, 88.

STONE, J.—The 3d section of the act "amendatory of the proceedings in chancery," (Pamph. Acts of 1857–58, p. 230,) declares, "that amendments to bills and answers shall be allowed, at any time before final decree, to meet the justice of the case ; and amendments to bills shall be allowed, by adding or striking out new parties complainant or defendant, and to meet any state of proof that shall authorize relief," &c. The terms of this statute are very analogous to several of the most important provisions of

the Code, in relation to amendments in suits at law.—Code, §§ 2403–4. We think the same liberal rules of intendment should be applied to the two statutes. Under this statute, we hold, that any change of parties, or of averment, which may become necessary *to meet the justice of the case*, or *to meet any state of the proof that will authorize relief*, must be allowed, "upon such terms as the chancellor shall deem just and equitable." If the state of the proof authorizes relief, the chancellor has no discretion in the *matter of allowing* the amendment. In *the terms* upon which the amendment will be allowed, he has a discretion.

In the present case, the amendment should have been allowed, if the state of the proof authorized relief. The objection to its allowance is, that the proposed amendment made a new case—that when the amendment was allowed, the statute had barred the right therein asserted ; and that, as to this new matter, or new case, the rule is, that the statute continues to run, not only to the time of filing the original bill, but up to the time when the amendment was allowed.

[2.] We think the rule must be regarded as settled by the authorities, that "if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute, until the time that the new claim is presented ; because, until that time, there was no *lis pendens* as to that matter, between the parties." On the contrary, if the amendment set up no new *matter* or *claim*, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill.—*Dudley v. Price*, 10 B. Mon. 84–88 ; Story's Equity Pl. § 904 ; *Holmes v. Moreland*, 1 McL. 1 ; S. C., 7 Pet. 171 ; *Miller v. McIntyre*, 6 Pet. 61 ; *Woodwart v. Ware*, 37 Maine, 563 ; *Bradford v. Edwards*, 32 Ala. 528.

We think the chancellor obtained a correct conclusion in this case. Although, in the suit by Mr. and Mrs. King, the right to recover depended on the title of Mrs. King under her grandfather, Mr. Hill ; still the suit, in its present

form, must be regarded as the suit of Mr. King, the husband. The authorities so treat it, and go even so far as to hold, that a failure to recover in such suit would be no bar to a subsequent suit by Mrs. King. Further, if Mr. King had died pending the suit, and Mrs. King had suffered the suit to abate, taking no steps after his death, a decree for costs could not have been rendered against her.—Sto. Eq. Pl. §§ 61, 361; *Grant v. Van Schoonhaven*, 9 Paige, 255; *Hughes v. Evans*, 1 Sim. & Stu. 185; *Reeves v. Dudley*, 2 Sim. & Stu. 464; *Owden v. Campbell*, 8 Sim. 551; *Wake v. Packer*, 2 Keene, 69; *England v. Downs*, 1 Beav. 96.

Although in a suit by Mrs. King while sole, as well as in the present suit, the right to recover depends mainly on her title; still the two cases are entirely different, in this: In a suit by her alone, the litigation would be entirely hers, and the money hers, if she succeeded; in the present suit, the right to recover depends also on a new derivative title, viz., the marital rights of Mr. King, acquired by his marriage with the female complainant. If, on a proper issue, there was a failure to prove the marriage, this suit must fail, although Mrs. King's title may be perfect. If this bill succeed, the fruits of the recovery will vest in Mr. King. The suit by Mrs. Croxton was in her own right. The present is Mr. King's suit, in which Mrs. King incurs no costs or disabilities, and in which, if there be no change of parties, she can realize no benefit.—*Dudley v. Price*, supra; *Thrasher v. Ingram*, 32 Ala. 645.

The decree of the chancellor is affirmed.