Ky. Mutual Invest. Co.'s Assignee v. Schaefer, &c.

the insurance company liable for the costs of the action upon its policy of indemnity.

Judgment affirmed.

---

Case 29.—ACTION BY THE ASSIGNEE OF THE KENTUCKY MUTUAL INVESTMENT CO. AND OTHERS AGAINST F. W. SCHAEFER AND OTHERS, TO HOLD THEM LIABLE ON AN ALLEGED SUBSCRIPTION TO THE CAPITAL STOCK OF THAT COMPANY.—March 25.

## Ky. Mutual Invest. Co.'s Assignee v. Schaefer, &c.

Appeal from Jefferson Circuit Court, Chancery Branch (2d Division).

SAMUEL B. KIRBY, Judge.

Corporations—Subscriptions to Stock—Liability of Stockholders—
     Fraud—Inducing Subscriptions—Assignee — Defenses.

1. Under Kentucky Statutes, sec. 547, it is necessary for a stockholder to sign a subscription in order to make himself liable to creditors for the full amount of unpaid subscriptions where he accepted the certificate of stock.

2. The liability of the stockholders to creditors under said sec. 547, Kentucky Statutes, is not affected by the fact that their subscriptions were to be paid by the surrender of old stock, but in such case they will be held liable for the difference between the amount they actually paid and the amount of stock they received at par value.

3. Where there has been fraud in inducing a subscription to stock, and there has been a failure to exercise care to discover the fraud, and the rights of innocent parties will suffer, then he whose negligence has caused the loss should bear it; but where a subscriber for stock is in no fault, and is himself, the innocent victim of a fraud which he did not and could not discover before the perpetrator of it failed, he is entitled to make any defense against the assignee which he could make against the assignor.

THUM & CLARK and R. L. GREENE for appellants.

DODD & DODD and O'NEAL & O'NEAL for appellees.

(No briefs in the record.)

OPINION BY CHIEF JUSTICE HOBSON.—Affirming.

Charles G. Schaefer bought shares of stock of the par value of $6,000 in a West Virginia corporation called the Union Finance & Investment Company, whose chief place of business was in the city of Louisville, and its officers resided there. The Kentucky Mutual Investment Company was organized under the laws of the State of Kentucky about January 2, 1900. H. W. Richardson was its president, and Purnell Johnson and one Bennett were among its officers and stockholders. These three bought the controlling number of shares of stock in the Union Finance & Investment Company, and elected themselves president, vice-president and treasurer of the company, assuming charge of its affairs; they having at the same time control of the affairs of the Kentucky Mutual Investment Company. This was in December, 1900. Some time in February, 1901, they made an exchange with Schaefer and those whom he represented, giving them an equal amount of stock at par value in the Kentucky Mutual Investment Company for their stock in the Union Finance & Investment Company, and also exchanged with them certificates of deposit called "bonds," giving them Kentucky Mutual certificates for the Union Finance certificates which they held, and upon which they had paid a considerable sum. A few months after this the Kentucky Mutual Investment Company made an assignment for the benefit of its creditors, and this action was brought by the assignee against Schaefer and those whom he represented, to hold them liable for $6,000 upon an alleged subscription to the capital stock of that company, under sec. 547, Ky. Stats., 1903.

The defendants can not escape liability on the idea that they did not subscribe for stock in the Kentucky Mutual Investment Company. The signing of a subscription is not necessary. They accepted the certificates of stock, and their liability is not affected by the fact that it was understood that they took the new stock in lieu of their old, and that the new was paid for by their surrender of the old. If this would defeat the statute, it would be rendered largely nugatory. They must be held liable for the difference between the amount they actually paid and the amount of stock they received, at par value. The fact that they did not pay any money, but paid in something else, is immaterial.

It is charged by the defendants and shown that they were induced to make the exchange by false and fraudulent representations made to them by the officers of the new corporation, and that these fraudulent representations were known to be untrue, and were made for the purpose of misleading and deceiving them, and that they, believing the representations to be true, and relying thereon, were induced to make the exchange thereby. As between the defendants and the corporation, it is clear that the defendants are entitled to have the transaction canceled on account of the fraud which was practiced upon them; but it is insisted that, after the insolvency of the corporation, a subscriber of stock can not have a rescission of his subscription for fraud practiced upon him, and inducing him to make the subscription. The rule was so stated in Deppen v. German-American Title Company, 70 S. W., 868, 24 Ky. Law Rep., 1110, but, on a reconsideration of the case, this part of the opinion was withdrawn. (Deppen v. German-American Title Company, 72 S. W., 768, 24 Ky. Law Rep., 1876.)

The rule is held in England and in some of the states

of this country that a subscription can not be repudiated on the ground of fraud after the corporation has become insolvent and made an assignment, though the fraud was not discovered before insolvency, and there was no laches in failing to discover it. (10 Cyc., 440; Cook on Corporations, sec. 164.) But this rule rests on the doctrine, which is maintained in many jurisdictions, that an assignee for the benefit of creditors stands as a bona fide purchaser without notice. We do not see any other foundation for the rule to rest on, under statutes like ours. But in this State an assignee for the benefit of creditors simply stands in the shoes of his assignor, and any defense which may be made against the assignor may be made against him. (Ky. National Bank v. Louisville Bagging Company, 98 Ky., 371, 17 Ky. Law Rep., 983, 33 S. W., 101; Wren v. Parish's Assignee, 39 S. W., 512, 19 Ky. Law Rep., 208.)

In Wright v. Geo. W. McAlpin Company, 35 S. W., 1039, 18 Ky. Law Rep., 226, an action by a seller to recover goods sold on the ground of false representations was held not affected by the assignment for the benefit of creditors made by the purchaser. We do not see that there can be any sound distinction between a sale of stock and a sale of goods, or that it is material that the seller is a corporation, and not an individual. Where there has been a failure to exercise care to discover the fraud, and the rights of innocent parties will suffer, then he whose negligence has caused the loss should bear it; but where a subscriber for stock is in no fault, and is himself the innocent victim of a fraud, which he did not and could not discover before the perpetrator of the fraud failed, he is entitled to make any defense against the assignee which he could make against the assignor.

Judgment affirmed.