Case 19.—ACTION BY T. W. CHAMBERLAIN AGAINST J. T. WILLIAMS' EXECUTOR TO SUBJECT UNPAID STOCK SUBSCRIPTIONS TO THE PAYMENT OF A DEBT OWING TO HIM BY AN INSOLVENT CORPORATION, JUNE 7.

## Williams' Exr. v. Chamberlain.

Appeal from Jefferson Circuit Court, (Chancery Branch, 1st Division.)

SHACKELFORD MILLER, Judge.

Judgment for Plaintiff. Defendant appeals. Affirmed.

1. Corporations—Insolvency—Creditors—Action Against Shareholder—It is not necessary for a creditor of an insolvent corporation before suing a shareholder of stock therein to recover from him his unpaid subscription for stock, that such creditor shall have prosecuted the corporation to insolvency, where it is alleged that the corporation was insolvent and had no property or assets of any kind.

2. Proceedings—Necessary Parties—Several Liability of Stockholders—A creditor of an insolvent corporation may proceed against one or more delinquent stockholders to recover the amount of his debt without an account being taken of the other indebtedness and without bringing in other stockholders for contribution or making them parties. The liability of each stockholder is several and is fixed by the amount of his unpaid subscription and no further.

3. Accepting Stock—Presumption of Ownership—Where a person accepts and holds a certificate of stock in a corporation, the law assumes that he is the owner thereof and implies a promise on his part to pay any unpaid installments.

4. Law of Foreign State—Agreement of Counsel—Where it is agreed by counsel that all the laws relating to a certain State or Territory may be considered as evidence in the case on trial, extracts from the laws of such State or Territory may be considered as evidence thereof on the trial.

5. Jurisdiction—In an action brought by creditors whose claims are large enough to give the court jurisdiction to subject a trust fund held by a stockholder to the payment of their debts, other creditors whose claims are below the jurisdiction of the court may join in the action and have their claims adjudicated therein.

Williams' Exr. v. Chamberlain.

6. Liability of Stockholder—Where Enforced—The liability of a stockholder to the creditor of a corporation for the balance of his subscription, rests in contract, and may be enforced in any State where jurisdiction of the stockholder can be obtained. The creditor is not limited to the State where the corporation was created.

7. Same—The liability of the shareholder of a corporation is determined by the laws of the State where it was organized, and such liability may be enforced in this State where the laws of this State are not in conflict with the State in which the corporation was created.

8. Evidence—Admissibility—There is no law which forbids a creditor of a corporation who performs labor or service for it from testifying as to the validity of his claim in an action against a deceased shareholder in the corporation.

GIBSON, MARSHALL & GIBSON, for appellant.

1. So much of the decree as relates to the judgment in favor of Ocie Bales, Jerry Roberts and W. C. Bennett is invalid the Jefferson Circuit Court not having original jurisdiction of these claims, because of the amounts involved.

2. The other stockholders must be made to contribute in the absence of allegations that they are insolvent or that other debts of the corporation exist, sufficient to exhaust whatever funds are in their hands.

3. T. W. Chamberlain, the appellee in this action, is certainly not a competent witness for the same reason given heretofore. He is the appellee in the action, part owner of the judgment, and his testimony refers to transactions with the decedent which he is prohibited from testifying about, by section 606 of the Kentucky Code.

4. The depositions filed herein, even if admitted as evidence, fail signally, to prove several allegations of the petition, and amended petitions which are absolutely dependent upon proof before a recovery can be had against the decedent stockholder, Williams.

5. The claim in this action being based upon the allegation that the decedent stockholder was a subscriber to the capital stock of the company, or an original subscriber, and this being denied, it was incumbent upon the appellee to clearly prove the allegation. The fact that he was a stockholder raises no presumption that he was an original subscriber, instead of a transferee for value without notice that the stock was not fully paid up. Presumptions will not be indulged concerning matters of fact which are easily susceptible of clear proof, and especially not as against a decedent.

### AUTHORITIES CITED.

Dudley v. Price, Admr., 10 B. Monroe, 84; Ky. Stats. Sec. 1086; Kentucky Code, Sec. 606; Alexander's Exor. v. Alford, 89 Ky., 105; Harpending's Exors. v. aDniel, 80 Ky. 449; Bayless Stove Co. v. McCarty's Assignee, 15 Ky., Law Rep., 364; Western District Whse. Co. v. Hayes, 16 Ky. Law Rep. 236; Storey v. First Nat. Bank, 24 Ky. Law Rep., 1799; Owens v. Owens, 14 W. Va., 88; Jones, &c. v. Jones, Jr., 18 Ky. Law Rep., 1516; Tarlton v. Briscoe, 4 Bibb, 73.

PERCY N. BOOTH for appellees.

### POINTS AND AUTHORITIES.

1. The case at bar depends on the law of Arizona, for the reason that the liability of a stockholder to a creditor of the corporation depends on the laws of the State creating the corporation.

Glenn v. Liggett, 135 U. S., 533, L. R. A. Vol. 34, page 738, Note.

2. This liability of stockholders to creditors is contractual and is enforcible in the courts of other States; Huntington v. Attrill, 146, U. S. 657; Concord Bank v. Hawkins, 174, U. S. 364; Whitham v. Bank of Oxford, 175, U. S. 559, L. R. A. Vol. 34, p. 737, Note.

3. The law of Arizona is evidenced by the Revised Statutes of the United States which are the organic law of Arizona and by the Statutes of Arizona and by the decisions of its courts, and said law is construed and determined finally by the decisions of the Supereme Court of the United States to which appeals from Arizona courts finally go. U. S. Revised Statutes, 1st, Supp. pp. 905, 485; U. S. Constitution, Art. 4, Sec. 3; U. S. Revised Statutes Secs. 1908, 1913, 1868.)

4. It is the law of Arizona that any balance that may be due from the stockholders of a corporation on their stock constitutes a part of the assets of the corporation, and on the dissolution or insolvency of the corporation, its creditors, having exhausted their legal remedies against the corporation, may sue in equity to compel the stockholders to pay in the same, and have it applied to the satisfaction of their claims.

Ogilvie v. Knox Insurance Company, 63 U. S. 380; Sawyer v. Hoag, 84 U. S. 10; Upton v. Tribilcock, 91 U. S. Sanger v. Upton, 91 U. S. 56; Webster v. Upton, 91 U. S. 65; Chubb v. Upton, 95 U. S. 665; Pullman v. Upton, 96 U. S. 328; Hatch v. Dana, 101 U. S. 205; Hawley v. Upton, 102 U. S. 314; County of

Morgan v. Allen, 105 U. S. 449; Scoville v. Thayer, 105 U. S. 143; Hawkins v. Glenn, 131 U. S. 319; Handley v. Stutz, 139 U. S. 427; Richerson v. Farrell, (c. c. 41, 75 Fed. 554); Samiego v. Stiles, 20 Pac. R. (Ariz) 607; Chicago R. R. Co. v. Howard, 74 U. S. 392; Scammon v. Kimball, 92 U. S. 362; Burke v. Smith,. 83 U. S. 390; Flash v. Conn., 109 U. S. 371; Coit v. Amalgamating Gold Co., 119 U. S. 343; Richmond v. Green, 133 U. S. 40; Peters v. Bain, 133, U. S. 670; Glenn v. Liggett, 135 U. S. 533; Huntington v. Attrill, 146 U. S. 657; Perris v. Higley, 87 U. S. 375; Byeatt v. Powell, 51 Fed., R. 551; Exparte Lothop, 118 U. S. 113; Concord Bank v. Hawkins, 174 U. S. 364; Whitman v. Bank of Oxford, 176, U. S. 559; Wood v. Dummer, 3 Mason (U. S.) 308, J. Storey; Upton v. Hansbrough, 3 Biss (U. S.) 417, 425; The Short Cut, 6 Fed. 630; Flinn v. Bagley, 7 Fed. 785; Holmes v. Sherwood, 16 Fed. 725; In re Glen Iron Works, 17 Fed. 324; Stutz v. Handley, 41 Fed. 531; Addison v. Pacific Co. 79 Fed. 459.

5. This "trust fund doctrine" is also the law of Kentucky; Bank of Y. S. v. Dallam, 4 Dana 574; Dudley v. Price, 10 B. M. 86, Bush v. Robinson, 95 Ky., 492; Hyatt v. Anderson, 25 R. 133; Haldeman v. Ainslie, 82, Ky. 399.

6. Therefore, in order to establish their cause of action, the plaintiffs herein must prove that they acquired a valid claim against the Gold Lode Company, that they exhausted their legal remedy against the company; that they became creditors in reliance on the capital stock of the company and subscriptions thereto in general or on Williams' subscriptions in particular, that Williams bought and owned stock the par value of which is not fully paid; and that the law of Arizona entitled them to recover.

8. Where creditors obtain judgment against a corporation and where the execution on the judgment has been returned "no property found," equity will not require other creditors to reduce their claim to judgment against the corporation before suing the stockholder on his unpaid subscription. Equity will not require the doing of a useless thing. The return nulla bona is conclusive evidence of the insolvency of the corporation. A. & E. Enc. of Law, 2d Ed., Vol. 26, page 145, 1046; Clark & Marshall on Corporations, Vol. 3, page 2459; Flash v. Conn, 109 U. S. 371; Cyc. 10, 726; Platt v. Larter, 94, Fed. 610; Jones v. Green, 1, Wall (U. S.) 330.

9. If the Circuit Court did not have original jurisdiction of the claims under $50.00 in this case, the Court of Appeals has

no jurisdiction of the appeal from judgments for a like amount or judgments for any amounts under $200.00, and the motion to dismiss must be sustained.

10. The subscription liability of a stockholder is several and not joint. The stockholder may sue other stockholders for contribution, but with this matter the creditors are not concerned. The insolvency of other stockholders is therefore not material. Clark & Marshall on Corporation 3, 2462, 2443; L. R. A. 34; 762, Note; Hatch v. Dana 101 U. S. 205; Ogilvie v. Knox Insurance Co. 22, How U. S. 63; Marsh v. Burrough, 1 Woods, 468.

11. Section 606, paragraph 2 of the Civil Code, does not prevent a plaintiff creditor from testifying in his own behalf against the estate of a decedent; it is necessary in order for his testimony to be incompetent that he testify as to a transaction with the decedent or a statement by the decedent, etc. Jones v. Jones, 102 Ky. 455; Harpendings's Admr. v. Daniels, 80 Ky. 449; Hunter v. Marsh, 2 Ky. L. R. 240; Fuller v. Wallace's ex'r., 6 Ky. L. R. 842.

12. Testimony as to what the president of the corporation told the creditors about Williams' subscription is not evidence of that subscription, but is evidence of what the creditors relied on when they extended their credit to the company.

13. A valid judgment against the corporation establishing its liability for an obligation for which the stockholders are by law made liable is generally conclusive evidence of the corporation's indebtedness in a subsequent action against the stockholder. A. & E. Enc. of Law, 2d Ed. 26, 1045; Clark & Marshall on Corporation 2, 2471; Cyc. 10, 733; Glenn v. Liggett, 135 U. S. 533; Harding 413; 3 J. J. M. 601.

14. A nulla bona return of an execution against a corporation is conclusive of the fact that there are no legal assets of the corporation which can be made available to satisfy the demand of the judgment creditors. Cyc. 10, 726; Jones v. Green, W. 11, U. S. 330; Platt v. Larter, 94, Fed. 610.

15. If credit be extended to a corporation on the faith of the capital stock in general and the stockholders who own same, the creditor can reach the unpaid installment of any stockholder; (Handley v. Stutz, 139, U. S. 427; Cook on Corporations, sec. 199; Cyc. 10, 553; Hospes v. N. W. Mnfg. 48 Minn., 174.)

16. If a defendant stockholder relies on the fact that he is a bona fide purchaser for value, the burden is on him to establish that equity. (Wallace v. Carpenter Mnfg. Co., 70 Minn., 321, 68 Am. St. Rep. 530; Clark & Marshall on Corporation 3: 1744.)

17. If a person accepts and holds a certificate of stock in a corporation, the law implies a promise to pay unpaid installments on

the stock. (Webster v. Upton 91 U. S. 66; Upton v. Tribl-cock, 91 U. S. 47-48.)

18. The law of another state must be pleaded and proved as any other fact, with sufficient distinctness that the court upon a statement of the facts may judge what is the effect of the law. The particular statutes and cases which make that foreign law must be alleged. (Roots v. Meriwether, 8 Bush 401; Templeton v. Sharp, 10 Ky. L. R. 502; Greenwade v. Greenwade, 3 Dana 485; Jones v. Bank of Tennessee, 8 B. M. 122.)

19. Facts thus alleged must be specifically denied, or they will stand admitted on the record, the same as any other facts.

20. The ten per cent clause of the Articles of Incorporation does not contemplate that when 10 per cent shall have been paid the stock becomes paid up, but that at least 10 per cent thereof shall be paid before it can be issued, the remaining 90 per cent to be paid for thereafter. It is simply a restriction on the minimum amount of cash which must be received by the corporation before the stock is issued; it contains no authority whatever to issue the stock full paid. An agreement between the corporation and its stockholder that the stock issued shall be treated as full paid is void as to the creditors who contract their debts in reliance on the capital stock which the corporation represented it had. (Stout v. Hubbell, 104 Iowa 499; Lea v. Iron Belt Mercantile Co., 119 Ala., 376; Flynn. v. Baglet, 7 Fed. R., 785; The Short Cut, 6 Fed. R., 630; Morrow v. Nashville Iron Co., 3 L. R. A. 37 (Tenn. 1899); Hatch v. Dana 101 U. S. 205; Scovill v. Thayer, 105 U. S., 143; Rickerson v. Farrell, 75 Fed., 559.)

21. A provision in Articles of Incorporation that the stock shall be "non-assessable" is simply a stipulation against liability to further taxation or assessment after the holder shall have fulfilled his contract to pay the 100 per cent in the manner and at the times indicated. (Upton v. Tribilcock, 91 U. S., page 45; Webster v. Upton, 91 U. S., 71; Flynn v. Bagely, 7 Fed., 785.)

22. The Arizona Statutes, Sec. 245, make all stockholders of Arizona corporations individually liable to the amount of the unpaid installments on the stock owned by them.

OPINION BY JOHN D. CARROLL, COMMISSIONER.— Affirming.

This action was instituted in the chancery branch of the Jefferson circuit court by appellees, who are creditors of the Gold Lode Company, an Arizona corporation, to recover from the estate of John T. Will-

iams, deceased, the amount of their debts, on the ground that Williams was a stockholder in the corporation and had failed to pay for the amount of his stock, and they seek to subject to the payment of their debts his unpaid subscription. The action was originally brought by persons who had obtained judgments and returns of no property in Arizona against the corporation, and, pending the litigation between these judgment creditors and the executor, other Arizona creditors of the corporation, who had not obtained judgment for their debts, were made parties, on hearing the case the chancellor rendered a judgment against the estate of Williams in favor of all of the creditors, and from that judgment this appeal is prosecuted.

A number of interesting questions are presented for our decision, and we will endeavor to dispose of them separately. The petition alleged that Williams subscribed for and purchased 5,000 shares of stock of the par value of $1 per share, and that a certificate of stock for this number of shares was issued to him by the corporation, but that he only paid the sum of 10 cents for each share of stock, or a total of $500, and thereupon became liable under the laws of Arizona to creditors of the corporation for the unpaid part of his subscription, amounting to $4,500; that the laws of Arizona provide that ''nothing herein shall exempt the stockholders of any corporation from individual liability to the amount of unpaid installment on the stock owned by them or transferred to them for the purpose of defrauding creditors, and an execution against the corporation to that extent may be levied on the private property of such individual.'' They further alleged that the corporation was insolvent and had ceased to do business, and that it had no property or assets of any kind. The charter of the corporation, a copy of which is filed with the record, shows that the capital stock of the corpora-

tion was $500,000, divided into  500,000 shares of the par value of $1 each, and provides that ''none of the stock shall be issued by said corporation, except upon a cash payment or its equivalent to the amount of at least 10 per cent. of its par value;'' and that ''the stock of this corporation shall be non-assessable to the stockholders of this corporation, and their private property shall  be exempt from the corporation's debts.''·     Appellant, in the first paragraph of its amended answer, traversed generally the averments of the petition, but said: ''It is true that a certificate for 5,000 shares of 'said stock was issued to the testator and was held by him at the time of his death and is now held by this defendant, and it is true, as it is advised, that the said Williams paid therefor only the sum of 10 cents per share.''    In other paragraphs of the answer to which demurrers were sustained, it set up that the corporation had a right under its charter to issue full paid and non-assessable stock upon the payment of 10 per cent of its value, without any further liability on the part of the shareholder to the corporation or its creditors, and that the stock issued to Williams was bought by him in good faith and under this belief; that it did not know whether he was an original subscriber or had bought the stock by transfer from a subscriber, but believed that he purchased the stock from a prior holder thereof without notice that the same was not fully paid up; that in any event he had paid all that the articles of the corporation required to relieve him from further liability.

Counsel say that the judgment in favor of the creditors who had not obtained a judgment and return of no property against the corporation was unauthorized, because a creditor of a corporation cannot proceed against a shareholder until he has exhausted his remedies against the corporation.. To this contention we cannot agree, as it is not necesary,

before suing a shareholder, to exact from him his
unpaid subscription, that the creditor shall have
prosecuted the corporation to insolvency by judg-
ment and execution, as, if the corporation has become
wholly insolvent, has ceased to do business, or is in
the hands of a receiver, a return of nulla bona is not
necessary; but in this case there was a judgment
and a return of no property by some of the creditors
in this action, and, as the insolvency of the cor-
poration was established in this way, it was not neces-
sary for each creditor to go to the useless expense
of reducing his claim to judgment and having an
execution returned.    Clark & Marshall on Private
Corporations, p. 2459; Barrick v. Gifford (Ohio) 24
N. E. 259, 21 Am. St. Rep. 798; Cyclopedia of Law
and Procedure, vol. 10, p. 723.    We do not think
that the case of Dudley v. Price's Adm'r, 10 B. Mon.
84, when fairly considered, is at all in conflict with
this view.

It is also urged that it is not alleged or proven
that the other stockholders of the corporation are in-
solvent, and that an allegation of this character
is necessary in a suit against a single shareholder
when it is sought to recover from him, as in this
case, debts due creditors of the corporation.    It is,
however, the settled law that the creditor of an in-
solvent corporation may proceed against one or more
delinquent stockholders to recover the amount of
his debt without an account being taken of the other
indebtedness, and without bringing in other stock-
holders for contribution or making them parties.
The liability of each stockholder is several and is
fixed by the amount of his unpaid subscription.    To
this extent he is liable, and no further, and, if com-
pelled to pay more than his share of the debts, he
may sue the others for contribution or have them
made parties in a proper case, so that the rights of all
parties may be adjusted, but with this the credi-

tors have no concern.  The disposition of it rests entirely with the stockholder who is sued.  Hatch v. Dana, 101 U. S. 205, 25 L. Ed. 885; Ogilvie v. Knox Ins. Co., 22 How (U. S. ) 380, 16 L. Ed. 349; Gamewell Fire-Alarm Co., v. Fire & Police Tel. Co., 116 Ky. 759, 76 S. W. 862, 25 Ky. Law Rep. 1010; Hyatt v. Anderson's Trustee, 74 S. W. 1094, 25 Ky. Law Rep. 132.

It is further argued that as the answer denied that Williams subscribed and purchased the stock, thereby putting in issue this fact, it was incumbent on the plaintiff to establish it by evidence, and that the evidence, if any, introduced upon this question was incompetent.  The answer, however, admits that a certificate for 5,000 shares was issued to Williams and was held by him at his death, and afterwards by his executor.  This admission supplies the failure on the part of appellees to introduce any evidence on this question, because, if a person accepts and holds a certificate of stock in a corporation, the law assumes that he is the owner of the stock and implies a promise on his part to pay any unpaid installments. Webster v. Upton, 91 U. S. 66, 23 L. Ed. 384; Upton v. Tribilcock, 91 U. S. 47, 23 L. Ed. 203; Ky. Mutual Invest. Co.'s assignee v. Schaefer, 120 Ky. 227; 85 S. W. 1098; 27 Ky. Law Rep. 657; Chubb v. Upton, 95 U. S. 665, 24 L. Ed. 523.

Counsel further insists that the petition pleads and relies on the common law of Arizona to enable the creditors to prosecute this action, and that it was therefore necessary for creditors to prove what the common law of that territory was.  It is true that, where a party relies on the laws of another State, he must prove those laws in a manner provided in section 1641 of the Kentucky Statutes of 1903; but we find in the record an agreement of counsel that all the laws relating to the territory of Arizona may be considered as evidence in this case both in the lower

court and in this court, and there are very full extracts from the laws of that territory in the record. Therefore we do not consider this point well taken.

Some of the claims upon which a judgment was rendered in the lower court were not large enough to give that court jurisdiction of them in the first instance, and it is contended that the circuit court did not have jurisdiction to render a judgment on these claims. As a general proposition this contention is correct, but we do not think it applicable to a case of this character. Here a suit was instituted by persons whose claims were large enough to give the court jurisdiction; the fund they sought to subject was really a trust fund held and due by this stockholder for the benefit of creditors of the corporation, and any and all creditors had the right to subject it to the payment of their debts and to join in the same suit for that purpose. It would impose a heavy burden upon the shareholder if each creditor was required to institute a separate action against him, and, if creditors whose claims were not large enough to bring them in the circuit court were required to proceed in the inferior courts, it would result in subjecting not only themselves but the shareholder to unnecessary and useless expense. When this suit was brought in the chancery court for distribution of this trust fund, the chancellor had jurisdiction of the claims of all creditors having an interest in it and the right to adjudge them as seemed right and proper. It is not material whether creditors of the corporation know the amount of the stock actually subscribed or the amount actually paid on stock subscribed by shareholders. They have a right to deal with the corporation in good faith and to assume that all shareholders who have subscribed for stock have either paid, or will pay, the amount of their subscription, and, in the absence of any agreement or understanding between the creditor and the

corporation or shareholders as to the amount of the liability of the latter, the question as to the creditors' knowledge or lack of knowledge as to the amount the stockholder has paid or subscribed to pay is not material.  The liability of a stockholder to the creditor for the balance due on his subscription rests in contract and may be enforced in any State where jurisdiction of the stockholder can be obtained.  The creditor is not limited to the courts of the State where the corporation was organized.  Fish v. Smith (Conn.) 47 Atl. 711, 84 Am. St. Rep. 161; Flash v. Conn., 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Concord Bank v. Wawkins, 174 U. S. 364, 19 Sup. Ct. 739, 43 L. Ed. 1007; Tabler v. Anglo-Amercian Ass'n, 32 S. W. 602, 17 Ky. Law Rep. 815.  The liability of the shareholders of this corporation is to be measured and determined by the laws of the State where it was organized, and the laws of Arizona provide that stockholders shall be liable for the amount of unpaid subscriptions on stock owned by them, and the right to enforce the collection of this unpaid subscription is not in conflict with the laws of this State, but, on the contrary, is expressly authorized both by statute and decisions.  Ky. St. 1903, § 547; Haldeman v. Ainslie, 82 Ky. 395; 6 Ky. L. R. 397; Lou. Banking Co. v. Tisenman, 94 Ky. 83; 14 Ky. L. R. 705; 21 S. W. 531, 1049; 19 L. R. A. 684; 42 Am. St. Rep. 335.

Appellant filed exceptions to practically all of the depositions taken by appellees, and earnestly insist that these exceptions should have been sustained because the evidence was incompetent against the estate of a deceased person. The only fact about which these witnesses testified at all material to the case was as to the justness of the claims asserted by the creditors who had not reduced them to judgments, and in respect to these claims the original papers showing their correctness are filed as exhibits in the case, and we know of no rule of law that forbids a creditor of a

corporation who performs labor or service for it from testifying as to the validity of his claim in an action against a deceased shareholder in the corporation. Our attention is called to the case of Storey v. First National Bank, 72 S. W. 318, 24 Ky. Law Rep. 1799, in which the court held that a stockholder in a corporation could not testify for the corporation as to conversations with the deceased in support of a claim of the corporation against the estate of the decedent upon the ground that he has a pecuniary interest in the corporation and would be testifying in his own interest as much so as a member of a partnership. This rule, however, has no application to this case. Here the creditors did not testify as to any transaction or conversation with the deceased. They merely established the correctness of their claim against the corporation, and in doing this were not directly giving evidence against the deceased. It was necessary that they should have valid claims against the corporation before they could recover from the decedent's estate, and their evidence was competent for the purpose of showing the justness of their claim against the corporation. If the deceased was affected by this testimony, it was because he was indebted to the corporation. A creditor who has a claim against A. and seeks to recover it in an action against the estate of B., a deceased debtor of A., may testify as to transactions with A. showing that his claim is just.

Perceiving no error in the judgment, it is affirmed.

Petition for rehearing by appellants overruled.