### In re OAKLEY.

(District Court, W. D. Kentucky. March, 1914.)

BANKRUPTCY (§ 278*)—ASSETS—RECOVERY—PROCEEDINGS BY CREDITORS.

Creditors of a bankrupt, for whom a trustee had been appointed, had no right to institute proceedings against the bankrupt's attorneys to recover alleged exorbitant fees paid by the bankrupt to them to represent him in the bankruptcy proceedings; such right resting in the trustee, in the absence of any averment that the trustee had been requested to move, and had failed or refused to do so.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig §§ 418, 427; Dec. Dig. § 278.*]

In Bankruptcy. In the matter of bankruptcy proceedings of William Monroe Oakley. On review of a referee's order sustaining a creditors' petition for restitution of alleged exorbitant fees paid by the bankrupt to his attorneys. Dismissed.

Austin Peay, of Clarksville, Tenn., for creditors.

Trimble & Bell, of Hopkinsville, Ky., and John B. Baskin, of Louisville, Ky., pro se.

EVANS, District Judge. On May 3, 1913, this proceeding was instituted by creditors, who, alleging certain acts of bankruptcy against William Monroe Oakley, prayed that he might be adjudged bankrupt. Upon the service of the subpœna he employed Messrs. Trimble & Bell and John B. Baskin as his counsel, and to whom, as they allege, he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then paid $300 in cash as their fee jointly for the services to be rendered him in the proceeding. Before the adjudication a motion was made for the appointment of a receiver, but previous to a hearing of this motion there was an agreement reached under which an adjudication was made on May 10, 1913.

Slow progress was made in respect to the selection of a trustee, but finally, on August 6th, James Breathitt, Jr., was elected, and three days later he qualified and entered upon the discharge of his duties. On September 12th the trustee filed a report of those portions of the bankrupt's estate which he had set apart to him as exempt. Exceptions to this report were filed by the W. A. Chambers Company, a creditor, upon the hearing of which on October 31st the referee entered an order sustaining at least part of them, and on December 17th, upon a petition for review, we affirmed the referee's order. The bankrupt's counsel appeared for him in the latter matter, and alleged that they had for him also appeared in other matters, as stated in their response.

On November 19th certain of the bankrupt's creditors filed a petition in this language:

"Petitioners, the Hurst-Boillin Company, Elder Conroy Hardware Company, W. A. Chambers Company, and Hermon Bros. Lindaur Company, say:

"(1) That they have provable claims which have been filed and allowed in this estate.

"(2) That the fee of two hundred ($200.00) dollars, paid by the bankrupt to Trimble & Bell for services to him in this matter, and so disclosed in his response to the petition, is unreasonable and exorbitant, and that the fee, also, paid by the bankrupt to J. B. Baskin, is exorbitant and unreasonable.

"Wherefore these petitioners pray an order for the restitution of the funds so paid out by the bankrupt, and for the trustee to take appropriate steps to recover the same.                                Austin Peay, Attorney."

In response to the foregoing petition, Messrs. Trimble & Bell and John B. Baskin, among other things, objected that the petitioners had no right to the relief sought, for the reason that that right, being in the trustee, could only be exercised by him. Without going into the merits of the case, we think this objection was well taken, in the absence of any averment in the petition showing that the trustee had been requested to seek the relief asked, but had failed or refused, upon such request, to do so. See In re Lewensohn (C. C. A., 2d Cir.) 9 Am. Bankr. Rep. 368, 121 Fed. 538, 57 C. C. A. 600; In re Stern (C. C. A., 8th Cir.) 16 Am. Bankr. Rep. 510, 144 Fed. 956, 76 C. C. A. 10; 1 Loveland on Bankruptcy, § 349. There is sound reason for this rule, inasmuch as the trustee represents all the bankrupt's creditors, and has the first right to sue in respect to their interests. This right cannot be superseded, unless he refuses, upon request, to exercise it, in which event creditors would be remediless, unless they might themselves sue.

The referee's order sought to be reviewed will, for the reason indicated, be reversed, and he will be directed to dismiss the petition of the creditors hereinbefore copied, but without prejudice to the right of the trustee or creditors, if the trustee, upon request, shall refuse to do so, to file a petition seeking the relief prayed for in the petition above copied. It may be well to add that in the case of Thomas L. Jefferson, a bankrupt, we recently had occasion to point out the ele

ments of fees which might be allowed an attorney of the bankrupt and be paid out of his assets. We there said:

"The Bankruptcy Act contemplates that the trustee and the creditors, with the aid of their counsel, if any, shall administer the assets surrendered by the bankrupt, but not that the bankrupt shall burden the estate with the cost of the services of an attorney of the bankrupt's sole employment, further than the act exacts duties of the bankrupt in the performance of which he needs the aid of counsel, or where such attorney might aid in the administration of the estate, or do something beneficial for it. We doubt, indeed, whether in strictness such latter services can be paid for, unless requested by the trustee or the creditors or accepted by them. The bankrupt is not called upon by the act to employ counsel to make 'effective an honest and fair administration of the bankrupt estate.' The law imposes that duty upon others. Otherwise, any services of the bankrupt's attorney must be paid by his employer, and not out of the surrendered assets, at the expense of the creditors who did not seek the aid of such attorney. In short, the services of an attorney of the bankrupt individually cannot, except to the extent indicated, be paid for out of the bankrupt's estate in the hands of the trustee. Any other ruling would permit the bankrupt to burden the assets far beyond what is tolerated by the act."

Without now passing in any way upon the merits of any controversy in the premises, we remit the case to the referee, so that the matters involved may either be settled or litigated, as the trustee and claimants may prefer.

An order accordingly will be entered.