# Van Arsdale v. Richards.
# Richards v. Van Arsdale.

(Decided Jan. 24, 1933.)

J. S. LUSCHER for appellant Van Arsdale.

JOSEPH G. SACHS, Jr., and JOS. A. GREENE for appellee Richards.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the months of May and June, 1925, the Inter-State Sales & Service Corporation, with its president, William W. Mace, and Alvira Van Arsdale as sureties, executed notes to the Moline Implement Company and

the United Engine Company. The Inter-State Sales & Service Corporation was adjudged a bankrupt on January 26, 1926, and its estate was insufficient to pay the costs of administration. The Moline Implement Company and the United Engine Company, the payees of the notes, brought suit against the sureties to enforce their collection. Miss Van Arsdale compromised the suits by paying to the Moline Implement Company $2,750 and costs, and with the United Engine Company by paying $1,150 and costs.

The trustee in bankruptcy, although the testimony of Mace, the president of the corporation, disclosed that Richards was indebted to it in the sum of $2,200, took no steps to collect from Richards.

On October 15, 1928, and long after the bankruptcy proceeding had been closed, Miss Van Arsdale brought this suit against Adam B. Richards to recover from him as a stockholder in the Inter-State Sales & Service Corporation the unpaid portion of the purchase price of the stock he had bought about March 25, 1925.

After his general demurrer to the petition was overruled, Richards answered in two paragraphs. The first paragraph was a traverse; the second, a plea that his purchase of the stock was induced by fraud. A demurrer was sustained to the second paragraph. Later on Richards filed a "plea in abatement," based on the theory that the right of action was in the trustee, accompanied by a motion to dismiss, which motion was overruled. Subsequently he filed an amended answer elaborating the plea of fraud. He then withdrew the amended answer and filed an amended and substituted answer, pleading, in substance, that the purchase of the stock was from Mace individually, and not from the corporation. On final hearing the chancellor, after reviewing the evidence and admissions contained in the pleadings filed by Richards, held that Richards had purchased 25 shares of stock from the corporation itself, and had paid thereon only the sum of $300, and gave judgment in favor of Miss Van Arsdale for $2,200, with 6 per cent. interest from the date the petition was filed. From that judgment the parties have prosecuted separate appeals.

We shall first consider the ground on which Richards asks a reversal. He does not seriously question the chancellor's finding that he purchased the 25 shares

of stock from the corporation and had paid thereon. only $300. We may add, however, that we have carefully reviewed the evidence, and are constrained to agree with the chancellor.

Richards' principal insistence is that, after bankruptcy proceedings, a creditor cannot sue in his own name and for his exclusive benefit to subject assets of former bankrupt's estate. The argument in support of this position is: (1) Suit to collect assets of bankrupt estate must be brought in the name of the trustee in bankruptcy, and, where trustee fails so to do, creditor may with leave of court sue in name of trustee for benefit of creditors. (2) Where a trustee in bankruptcy abandons an asset, it reverts to the bankrupt. (3) A bankruptcy proceeding once closed may be at any time reopened for further administration of assets—Miss Van Arsdale, being indorser of notes, was creditor at the time of bankruptcy. (4) Right to sue on unpaid subscription to stock in defunct corporation is in trustee in bankruptcy. (5) Creditors of insolvent debtor may sue to subject assets to their claims until bankruptcy is instituted, but not afterwards. (6) Miss Van Arsdale is estopped from maintaining the action.

Under our Constitution and statutes, stockholders of each corporation are liable to creditors for the full amount of the unpaid part of stocks subscribed for by them. Section 193, Constitution; section 547, Kentucky Statutes. A claim for the unpaid balance of a stock subscription is a part of the assets of the corporation and passes to the trustee, who has the power to sue and collect. Moise v. Sheibel (C. C. A.) 245 F. 546, 40 A. B. R. 311; Louisville Banking Co. v. Eisenman, 94 Ky. 83, 21 S. W. 531, 1049, 14 Ky. Law Rep. 705, 19 L. R. A. 684, 42 Am. St. Rep. 335; Amick v. Elliott, 222 Ky. 753, 2 S. W. (2d) 367. While it doubtless is true that, if the bankruptcy proceedings had still been in progress, suit would have had to be brought by the trustee, or in his name, Glenny v. Langdon, 98 U. S. 20, 25 L. Ed. 43, In re Oakley (D. C.) 215 F. 265, that is not the case. Though apprised during the bankruptcy proceeding that Richards had subscribed for 25 shares of stock of the par value of $2,500, and had paid thereon only the sum of $300, the trustee took no steps to collect from Richards, and abandoned the asset, which reverted to the bankrupt for the benefit of creditors. Even if the

case were one where Miss Van Arsdale as a creditor might have petitioned the bankruptcy court to reopen the estate on the ground that there were assets not administered, we do not regard that remedy as exclusive, or her failure to apply for a reopening as fatal to her right to maintain this action. After the asset had reverted to the bankrupt for the benefit of creditors, the situation was merely that of an insolvent corporation, and there can be no doubt that any creditor had the right to sue. Williams' Ex'r v. Chamberlain, 123 Ky. 150, 94 S. W. 29, 29 Ky. Law Rep. 606. The only question is whether Miss Van Arsdale could sue in her own name and for her own benefit, or had to sue for the benefit of all the creditors. In Schalucky v. Field, 124 Ill. 617, 16 N. E. 904, 7 Am. St. Rep. 399, it was held that an action at law by a single creditor will lie against any stockholder of an insolvent corporation to enforce an individual liability created by its charter; and in Shalek v. Jetter Brewing Co. (Sup.) 155 N. Y. S. 972, it was ruled that a creditor of a corporation may maintain independently of statute an action in his individual capacity, and for his own benefit, against the directors and stockholders of a corporation to recover his debt from proceeds of corporate property which were distributed by the directors among themselves as stockholders without payment of the corporate debts. We see no reason for a contrary view in this case. Though he may do so, if he so desires, and is authorized by the court, a creditor is not required to maintain an action for the benefit of other creditors who may be unwilling to sue or to share the expense of the suit brought by him. Clearly the delinquent stockholder is not in a position to complain, since he may bring in the other creditors if he desires; and, if he does not, the payment of the judgment in favor of the suing creditor for the unpaid part of his subscription will acquit him of all liability.

We find no merit in the claim that Miss Van Arsdale is estopped to maintain the action. Not only was estoppel not pleaded, but the record fails to disclose that she said or did anything, or that her failure to sue more promptly, operated in any way to the prejudice of Richards.

We therefore hold that Miss Van Arsdale may

maintain the action in her own name and for her own benefit.

2. On her appeal Miss Van Arsdale insists that the court erred in awarding her interest only from the date the petition was filed, instead of from March 25, 1925, the date of the contract of subscription. It does not appear that any call or demand was ever made on Richards by the directors of the corporation for the unpaid part of the subscription, or that Miss Van Arsdale ever demanded payment prior to the institution of the action. In the circumstances the court did not err in adjudging interest only from the day the petition was filed. Lackey v. Richmond & Lancaster Turnpike Road Company, 17 B. Mon. 43.

The further point is made that Richards actually subscribed for 50 shares of stock, and paid thereon only $300.00, as is shown by the evidence and alleged in the amended petition, and that Miss Van Arsdale should have been given judgment for the full amount of her debt; it being less than the unpaid part of the subscription. Fairly considered, Richards' evidence does not show that he purchased 50 shares of stock from the corporation, but merely that he had an agreement with Mace, the president of the corporation, to purchase from him 50 shares of his stock on certain conditions that were not fulfilled, and on certain representations that proved to be false, and that the contract of purchase was subsequently rescinded. In the circumstances the chancellor did not err in holding that Richards subscribed for only 25 shares of stock, and in refusing judgment for any amount in excess of the balance due on the subscription.

Judgment affirmed on both appeals.