## White, et al. v. Harbeson, Judge.

(Decided March 17, 1916.)

### Petition for Writ of Prohibition.

1. Equity—Multiplicity of Suits—Jurisdiction.—In an action brought to settle the affairs of an insolvent insurance- corporation in the hands of a receiver, and wherein the latter is seeking to enforce the statutory liability of the policyholders, who are also stockholders, a court of equity has jurisdiction to grant the relief sought against the several policyholders, though they reside and were summoned in a county or counties other than that in which the action was brought, and though the receiver had a concurrent remedy at law by instituting actions at law against each policyholder in the county of his residence.

2. Equity—Multiplicity of Suits—Jurisdiction.—In an action brought to settle the affairs of an insolvent insurance corporation in the hands of a receiver, upon cross-petition of the receiver against the policyholders, who are also stockholders

seeking to enforce their statutory liability, a court of equity will take jurisdiction to grant the relief sought, though some of the policyholders reside and are summoned in other counties; as such relief is incidental to the main object of the action, will prevent a multiplicity of suits, and avoid the great expense attendant upon bringing separate suits at law against each policyholder.

G. W. GOURLEY, W. P. SANDIDGE, W. H. YOST, W. D. MURPHY, FIELD McLEOD, L. A. FAUREST, WEBB & WEBB, JESSE F. NICHOLS, N. POWELL TAYLOR, APPLEGATE & MUNSON, R. C. SIMMONS, W. H. MACKOY, FRANK CHINN and R. H. WINN for plaintiffs.

S. D. ROUSE and MYERS & HOWARD for defendant.

OPINION OF THE COURT BY JUDGE SETTLE—Denying writ of prohibition.

By their petition filed in this court, plaintiffs, John G. White and others ask that the defendant, M. L. Harbeson, judge of the Kenton circuit court, law and equity division, be prevented by writ of prohibition, to be issued by this court, from proceeding further in the hearing or determination of the matters in controversy between the plaintiffs and W. N. Hind, receiver of the Kentucky Fire Insurance Company, growing out of the latter's insolvency and the settlement of its business and affairs, involved in the action pending in the Kenton circuit court wherein W. E. Skillman and C. O. Martin, partners under the style Skillman-Martin Printing Company, are plaintiffs and the Kentucky Fire Insurance Company and others are defendants; particularly, insofar as the receiver is seeking by his cross-petition in that action to make the plaintiffs herein liable as policy-holders of the Kentucky Fire Insurance Company for certain assessments made against and attempted to be collected of them in the action. Plaintiffs' right to the writ of prohibition prayed for is based on the alleged ground that the Kenton circuit court, of which the defendant, M. L. Harbeson, is presiding judge, is without jurisdiction to hear or determine the matters in controversy referred to.

A brief statement of the facts leading to the bringing of the action in which the receiver was appointed, and the connection of the plaintiffs herein with that action, will give a better understanding of the plaintiffs' object in applying for the writ of prohibition. The Kenteucky Fire Insurance Company, a co-operative or assessment fire insurance company, incorporated under the

laws of this state, maintaining its chief office in the city of Covington, conducted a fire insurance business in the state from its incorporation down to the beginning of the year 1915. It then had on its books outstanding insurance amounting to about $1,500,000.00 and owed unpaid losses, resulting from fires, amounting in the aggregate to more than $40,000.00, saying nothing of other indebtedness nearly as great, incurred by way of attorneys' fees and court costs in litigation in various courts of the state. Being without money or assets to meet this indebtedness, the Kentucky Fire Insurance Company, April 1, 1915, through its board of directors, attempted to provide for its payment by levying, as permitted by its charter and the laws of the state, assessments upon its policy-holders of an amount equalling two annual premiums upon their respective policies, practically none of which was collected.

This situation led to the institution in the Kenton circuit court, law and equity division, of the action against the Kentucky Fire Insurance Company by the Skillman-Martin Printing Company, a creditor thereof. The petition, after setting out the facts to which we have referred, alleged the insolvency of the defendant insurance company, the necessity for a settlement of its business and affairs, and asked that it be placed in the hands of a receiver for that purpose; that a reference be had to ascertain the names of its policy-holders, the dates, respectively, upon which such policies were issued and such of them as had been cancelled; also to ascertain the outstanding losses, when sustained and to whom payable; and that the court make such an assessment upon its policy-holders as might be found necessary to pay the losses and the costs of the action. The defendant insurance company, by answer and cross-petition, alleged substantially the same facts and prayed for the same relief. A reference was accordingly had to the receiver, and from the report of the latter it appears that the policy-holders numbered about fifteen hundred, some of whom reside in nearly every county of the state; that the outstanding unpaid losses amounted to about $58,000.00 with less than $5,000.00 of it reinsured; that there were other debts owing by the insurance company amounting in the aggregate to nearly as great a sum; that the assets of the company were of insignificant value and that an assessment against the policy-holders of three

dollars on each hundred dollars of insurance in force, which was the maximum assessment allowed by section 709a, Kentucky Statutes, would be insufficient to pay the losses. He asked that the court make such assessment and if the assessments were not voluntarily paid that he be authorized to sue the delinquents. The report of the receiver was confirmed, the assessment was made as requested therein and the receiver authorized to bring suit against the delinquent policy-holders.

Thereafter, by cross-petition in the action, all the policy-holders who were delinquent in paying the assessments were made defendants and judgment was prayed therein against them, respectively, for the assessments made by the court. Summons was issued to the various counties of their residence and served upon them there. A few of the defendants failed to appear, but a majority of them appeared, for the sole purpose of objecting to the jurisdiction of the court, and to this end they demurred to the petition on that ground and moved to quash the returns on the summons. The demurrers and motions were overruled, which rulings caused the filing by the policy-holders of the petition for the writ of prohibition asked in the instant case.

In urging their right to the writ of prohibition the petitioners contend: (1) That the cause of action set up in the cross-petition of the receiver is a separate and distinct action against each policy-holder assessed, and that as the sum assessed against each of them and for which the receiver sues, is less than fifty dollars, the Kenton circuit court has no jurisdiction; (2) that the action is a separable and distinct action against each of them, for which reason the Kenton circuit court, even if the amount involved as to each were as much or more than fifty dollars, could only acquire jurisdiction by the service of summons in the county in which the suit is pending. On the other hand, in support of his assumption of jurisdiction, it is contended by the judge of the Kenton circuit court that the cross-action against the policy-holders upon the assessment made is merely ancillary or incidental to the action to wind up the business and affairs of the insolvent corporation and the granting in that action of the relief sought by the receiver is necessary to prevent a multiplicity of actions and do complete justice, for which reasons the venue of the action, regardless of the amounts involved or resi-

dence of the policy-holders, is in the county in which the action was brought and the jurisdiction to entertain and determine the liability of the policy-holders for the assessments in question is in the court of that county in which the action is pending and the receiver was appointed and qualified; such venue being fixed and jurisdiction conferred by section 65, Civil Code.

Cases are not wanting in which it has been held that matters not ordinarily connected with the subject of an action in equity, may, nevertheless, be so incident thereto as to make their determination in such action necessary to the granting of the main relief sought therein, even though the venue of an independent action as to such incidental matter be fixed by another provision of the code. This was true in DeHaven v. DeHaven's Admr., 104 Ky., 41, which was an action to settle the estate of a decedent. It was held that the court had jurisdiction to award the administrator possession of a tract of land owned by the decedent, situated in another county, upon a summons served in such other county upon the occupant of the land. Obviously, the venue of an action for the possession of land is fixed by a provision of the code in the county in which the land lies, and such would necessarily have been the holding of the court, except for the fact, that the awarding to the administrator of the possession of the land was held to be a matter incident to the action for the settlement of the decedent's estate, the venue of which, as fixed by the code, was in the county where the administrator qualified and the action was pending. In Hamilton's Adm'x. v. Riney, 140 Ky., 478, which was an action to settle the decedent's estate, that also involved the settlement of the accounts of the decedent as guardian of her children; and although she had qualified as such guardian in a county other than that in which the suit to settle her estate was brought, it was held that the settlement of her accounts as guardian was so connected with and incident to the settlement of her estate, that the court in which the suit to settle her estate was pending had jurisdiction to settle her accounts as guardian, notwithstanding another provision of the code fixed the venue of an action to settle her accounts as guardian in the county in which she qualified. To the same effect are the cases of Phelan v. L. S. O. & T. Co., 88 Ky., 24, and Dawkins v. Hough, 112 Ky., 850. These cases es-

tablish the rule that where the determination of a matter is incident to the action, the court has jurisdiction in that action to determine it, notwithstanding the venue of an action as to such matter would, under other circumstances, be fixed by a different provision of the code in another county.

It would serve no good purpose to consider and discuss seriatim the many authorities cited by counsel in this case, as to do so would stretch the opinion to an unreasonable length and so burden it with points of differentiation and refinements of distinction, as to becloud, rather than make clear, the grounds upon which we rest the conclusions we have reached. Some of the cases relied on by counsel for the plaintiffs are undoubtedly in conflict with our conclusions, but it will be found that they emanate from other jurisdictions. Others, decided in this jurisdiction, relied on by the same counsel, which apparently conflict with our views, when compared with the authorities cited and considered in the opinion, will be found not to do so. We concede that a case will not be found in any jurisdiction which holds that an assignee or receiver of an insolvent estate can maintain a single action in equity against all the debtors of the insolvent estate to recover of them debts due such estate. But while this is true, we have not been referred to a case in any jurisdiction in which it has been held that a receiver, or even a creditor, may not, under such circumstances as obtain in this case, maintain a single action in equity, against all the policy-holders of an insolvent insurance corporation, who are likewise stockholders thereof, to enforce their liability as such policy-holders or stockholders.

This right seems to have been recognized in the early case of Castleman v. Holmes, 4 J. J. Mar., 1, under the law then existing with respect to corporations like that involved. It appears that the stockholders were liable for the debts of the corporation incurred during their ownership of stock, in proportion to the amount of stock held by each. Suit was brought in equity by a judgment creditor of the corporation against the stockholders seeking a discovery as to who the stockholders were and the amount of the stock owned by each, and to enforce the payment of his debt by apportioning it among them and compelling each to pay his proportion thereof. The question of jurisdiction was raised in the circuit court,

but it was held on appeal that the circuit court, irrespective of the equitable remedy of discovery which the petition sought, had jurisdiction as a court of equity, upon the ground, that it was necessary in order to avoid a multiplicity of suits and to do complete justice at once; and, further, that payment by such of the stockholders as were before the court could be coerced by a judgment in that court. It appears that some of the stockholders were not before the court and there was no accounting or reimbursement sought or obtained against them by the stockholders who were before the court, because it was held that the liability was several.

In Cook on Corporations, 7th Ed., section 220, it is said:

"Perhaps the most difficult, unsettled, and unsatisfactory question concerning the liability of stockholders is the question whether that liability must be enforced at law, or must be in equity, or may be in either a court of law or equity. After determining this point there arises the further difficulty of ascertaining who shall be parties plaintiff and parties defendant, whether one corporate creditor may sue, or all the stockholders must be brought in.    *    *    *

"Sec. 222. The remedy in equity is the favorite remedy of the courts. It is just, certain, impartial and clear. It enforces once for all the liability of the stockholders, and at the same time provides for contribution. It distributes the assets equally among all the corporate creditors. It prevents a multiplicity of suits and avoids the difficult question as to whether a suit at law will lie. The only and great objection to the remedy in equity is that it is protracted and expensive. Frequently the courts have held that an action at law to enforce a statutory liability is not a proper proceeding, but that the right of all parties can be properly adjudged in a court of equity, and that the latter is exclusive of all others. Such are the latest decisions in New York. The New York Court of Appeals holds, however, that a suit in equity does not lie to enforce a statutory liability where the liability is unlimited, and where there is no fund to be protected and distributed.    *    *    *    In some jurisdictions the rule prevails that creditors in the cases have a concurrent remedy, either at law or in equity. The action at law will lie upon the debt, while on the other hand the equitable jurisdiction arises from the power

of a court of chancery to compel contribution among the stockholders and to effect an equitable distribution among the creditors. The tendency is to hold that a suit in equity is always a proper remedy, even though it may not be the exclusive remedy. The Supreme Court of the United States has recently held, however, that the jurisdiction of a court of equity on the ground of preventing a multiplicity of suits, exists only when such is the actual situation.

"Where creditors seek to subject unpaid subscriptions to the payment of their claims, after exhausting their remedies at law, it is the rule in many jurisdictions that equity is the proper forum. That this right on the part of creditors now exists is almost universally conceded by the courts, and many of them hold that equity is the exclusive forum, where the remedy has not been changed by statute. The meaning and application of this rule is that where creditors have exhausted their legal remedies against the corporation, and where the assets of the corporation are insufficient to pay its debts, they may have relief in equity to compel the delinquent stockholders to pay any unpaid balance."

Again, in section 5076, the same author says:

"In some states courts of equity take exclusive jurisdiction in the enforcement of the statutory liability imposed upon stockholders, for the purpose of adjusting equities and for the preventing of a multiplicity of suits. Equity jurisdiction is also preferred on the ground that the doing of full justice involves complex contributions among stockholders which cannot be worked out by a court of law. Equity is the proper forum in such cases unless the statute imposing the liability intends to give a remedy to any creditor against any stockholder distributively; and even then equity may have jurisdiction though there is a concurrent remedy at law. * * *"

It is apparent, therefore, that while a creditor of an insolvent corporation may sue a stockholder at law upon his statutory liability, as allowed in Williams' Exor. v. Chamberlain, 123 Ky., 150, that fact does not militate against the right of the creditor to sue in equity an insolvent corporation and its stockholders to enforce the statutory liability of the stockholders. The right to bring such equitable action has been recognized and allowed not only in the case of Castleman v. Holmes,

*supra,* but also in the more recent case of Gamewell Fire Alarm Tel. Co. v. Police Tel. Co., 116 Ky., 759. The action last mentioned was instituted by the creditors in the chancery court, by judgment of which the statutory liability of a non-resident stockholder was enforced. In the opinion it is said:

"The purpose of this action, as stated by appellant in the prayer of its petition, was to have the affairs of the insolvent resident corporations placed in the hands of a receiver of the court, and their assets collected, and the same paid to the creditors of the two corporations. The assets of the two corporations consisted, in addition to visible personal property, in debate due them by contract, as well as sums due from stockholders under their liability created by the statutes. It was certainly connected with the subject of this action and the settlement of these insolvent corporations for the appellees to ask the court to require the appellant, a non-resident corporation, to pay and settle the amount it owed under its statutory liability. This would not have been improper even if it had been a resident corporation." Cook v. Carpenter, 21 Pa. St., 165.

It is our conclusion that in an action brought to settle the affairs of an insolvent corporation in the hands of a receiver and wherein the latter is seeking to enforce the statutory liability of the stockholders, a court of equity has jurisdiction to grant the relief here sought against the several stockholders, though the amounts sued for be less than $50,00, respectively, and they reside and were summoned in a county or counties other than that in which the action was brought; and further, that such jurisdiction exists notwithstanding the fact that the receiver had a concurrent remedy at law by instituting actions at law against each stockholder to enforce his liability, in the county of his residence. In other words, such jurisdiction is possessed and may be exercised by the court because the right of the receiver to recover of each stockholder is incident to the settlement of the corporation's affairs; and for the further reasons, that to do so will prevent a multiplicity of suits and enable the court to do complete justice in the action before it.

If right in the conclusion that the Kenton circuit court, law and equity division, has the jurisdiction claimed and attempted to be exercised by it, it follows

that the venue of the action is fixed by section 65, Civil Code. Moreover, the expenses incident to the enforcement of the equitable remedy invoked by the receiver will be insignificant as compared with what such expense would be if he were compelled to resort to suits at law against the several stockholders sought to be held liable. Manifestly, if a suit at law against each stockholder, in the county of his residence, were required, the costs resulting in each of such actions would amount to nearly as much, and, in some instances, more than the amount of the assessment owing, and, in any event, such costs, together with those in the main action, when paid, would leave nothing of consequence to be distributed to the creditors of the corporation.

For the reasons indicated the demurrer filed by the defendant judge to the petition for the writ of prohibition is sustained and the writ refused.

Whole court sitting.