## Lock, et al. v. Stout, Judge, et al.

(Decided January 19, 1917.)

### Petition for Writ of Prohibition.

1. **Corporations—Insolvency and Receivers—Chancery Jurisdiction—Writ of Prohibition.**—In an action to settle the affairs of an insolvent corporation, in which a receiver is appointed, and where the receiver, by cross-petition in the same action, is attempting to collect from delinquent subscribers their unpaid stock subscriptions, the court of chancery where the original action is brought has jurisdiction, in the same action, to grant the relief sought by the receiver, notwithstanding the delinquent subscribers all reside and are summoned in a county or counties other than that in which the action is brought, and the liability of each of them is separate and distinct, and though the receiver has a concurrent remedy at law by the institution of actions at law against each delinquent subscriber in the county of his residence. Such relief is incidental to the main object of the action, will prevent a multiplicity of suits, and avoid the great expense attendant upon bringing separate suits at law against each delinquent subscriber to stock.

2. **Corporations—Insolvency and Receivers.—Unpaid Stock Subscriptions.**—Unpaid stock subscriptions are assets of a corporation under Sec. 547, Ky. Statutes, and the receiver of an insolvent corporation may sue to collect them.

3. **Corporations—Insolvency and Receivers—Collection of Double Liability.**—A receiver is without power to collect of the stockholders of an insolvent corporation the double liability imposed upon them by Sec. 547, Ky. Statutes, a creditor or creditors of the corporation alone having this right.

4. Insurance—Insolvency and Receivers—Delinquent Stock Sub-
scribers—Injunction.—Under Sec. 753, Ky. Statutes, the Insurance
Commissioner has the right to apply to the judge of the Franklin
circuit court or the judge of the court where the company is located
to issue an injunction restraining a domestic insurance company
from further proceeding with its business. In such an action, the
judge of the court selected has power under said section of the
statutes to permit a receiver appointed for the company to pros-
ecute by cross-petition an action against delinquent subscribers
to the stock of the insurance company to recover their unpaid stock
subscriptions, though they reside and are summoned elsewhere.

HAZELRIGG & HAZELRIGG, BLACK, BLACK & OWENS,
VAUGHAN & HOWES and J. P. HOBSON & SON for petitioners.

SCOTT & HAMILTON and H. V. McCHESNEY for respondent.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Denying writ of prohibition.

The petitioners, J. S. Lock and others, seek in this
case, by petition filed in this court, a writ of prohibition
against the respondent, Robert L. Stout, as Judge of
the Franklin Circuit Court, to prevent him from fur-
ther proceeding in the hearing or determination of the
matters in controversy between the petitioners and
J. W. Jeffers, receiver of the Central Life Insurance
Company, raised by the answer and cross-petition of the
latter filed in an action pending therein, brought by
M. C. Clay, Insurance Commissioner of the State of
Kentucky, against the Central Life Insurance Company,
growing out of its insolvency and the liquidation of its
business and affairs.

The Central Life Insurance Company was incorpor-
ated under the laws of the State of Kentucky on July 3,
1911, with an authorized capital stock of $100,000.00,
which, on the 17th day of January, 1912, was increased
to $500,000.00. The business for which the corporation
was organized and in which it engaged, was that of in-
suring the lives of persons who might be found willing
to purchase of it insurance and accept of it policies
therefor.

In December, 1915, the action mentioned was in-
stituted in the Franklin Circuit Court by the Insurance
Commissioner under and by virtue of section 753, Ky.
Statutes, it being alleged in the petition that the insur-
ance company was insolvent, necessitating the winding
up of its affairs, and praying that an injunction be

issued restraining it from further doing business, and that a receiver be appointed to take charge of its property and assets, collect what was due it, and settle its obligations. The Central Life Insurance Company making no defense to the action, judgment went by default, the injunction was granted, and J. W. Jeffers, master commissioner of the Franklin Circuit Court, was appointed receiver to take charge of, wind up and settle the affairs of the insurance company. The company was ordered to turn over all of its property, assets, books and papers to the receiver, and the latter to ascertain the assets and liabilities of the company and report same to the court, and, under the court's directions, to do any and all things necessary to the proper and legal settlement of the affairs of the company. On October 30th, the receiver filed in the action an answer, which he made a cross-petition against the petitioners and others, in which it was alleged that the Central Life Insurance Company's indebtedness amounted to $82,000.00; that its available assets, exclusive of stock subscriptions, did not exceed $58,000.00; and that there was due it unpaid stock subscriptions amounting to about $139,000.00, the immediate collection of which was necessary in order to pay the debts and wind up the affairs of the company. It was further alleged in the answer and cross-petition that the unpaid stock subscriptions were owing by the 183 persons, including the petitioners, made defendants therein, and the amount due from each of them specifically set forth. The defendants reside in various counties of Kentucky, a few of them outside of the State, and none of them in Franklin county. The prayer of the answer and cross-petition asked that the receiver be given authority to collect of each of these alleged delinquents, in the one action brought by the Insurance Commissioner, the amount owing by him. The petitioners herein, following the service of summons upon each of them on the cross-petition, filed pleas to the jurisdiction of the Franklin Circuit Court, to which the court sustained a demurrer filed by the receiver, thereby holding that it had jurisdiction in that action of the persons of the defendants, and to pass on all questions that might be involved in the attempted collection by the receiver of the unpaid stock subscriptions owing by them respectively. Their dissatisfaction with this ruling induced the petitioners to institute in this court the present action for a writ of prohibition.

It is contended by the petitioners that as the liability of the 183 defendants in the cross-petition is fixed and distinct—that is, a separate obligation claimed against each and the defense of each arises from or may depend upon varying facts—and all of them reside in counties other than Franklin, the Franklin Circuit Court has no jurisdiction to enforce these several liabilities against them. On the other hand, it is contended by the respondent that the question of jurisdiction here raised by the petitioners was settled adversely to their contention by the opinion of this court in White v. Harbeson, Judge, 169 Ky. 224, in which it was held that in an action brought in a court of equity by creditors to settle the affairs of an insolvent co-operative insurance corporation in the hands of a receiver, upon cross-petition of the receiver against the policyholders, who were also stockholders, seeking to enforce their liability for an assessment permissible under the insurance company's charter and made by the court, the court would take and could properly exercise jurisdiction to grant the relief sought, though some of the policyholders resided and were summoned in other counties than that in which the action was pending; as such relief was ancillary or incidental to the main object of the action, would prevent a multiplicity of suits and avoid the great expense attendant upon bringing separate suits at law against each policyholder.

After overruling in that case the same objections to the jurisdiction of the court that are here urged by the petitioners, and quoting from the several authorities deemed sufficient to support our reasons therefor, we, in the opinion, said:

"It is apparent, therefore, that while a creditor of an insolvent corporation may sue a stockholder at law upon his statutory liability, as allowed in Williams' Exor. v. Chamberlain, 123 Ky. 150, that fact does not militate against the right of the creditor to sue in equity an insolvent corporation and its stockholders to enforce the statutory liability of the stockholders. The right to bring such equitable action has been recognized and allowed not only in the case of Castleman v. Holmes (4 J. J. Mar. 1), *supra*, but also in the more recent case of Gamewell Fire Alarm Tel. Co. v. Police Tel. Co., 116 Ky. 759. The action last mentioned was instituted by the creditors in the chancery court, by judgment of which

the statutory liability of a non-resident stockholder was enforced. . . . .

"It is our conclusion that in an action brought to settle the affairs of an insolvent corporation in the hands of a receiver and wherein the latter is seeking to enforce the statutory liability of the stockholders, a court of equity has jurisdiction to grant the relief here sought against the several stockholders, though the amounts sued for be less than $50.00, respectively, and they reside and were summoned in a county or counties other than that in which the action was brought; and further, that such jurisdiction exists notwithstanding the fact that the receiver had a concurrent remedy at law by instituting actions at law against each stockholder to enforce his liability, in the county of his residence. In other words, such jurisdiction is possessed and may be exercised by the court because the right of the receiver to recover of each stockholder is incident to the settlement of the corporation's affairs; and for the further reasons, that to do so will prevent a multiplicity of suits and enable the court to do complete justice in the action before it.

"If right in the conclusion that the Kenton Circuit Court, law and equity division, has the jurisdiction claimed and attempted to be exercised by it, it follows that the venue of the action is fixed by section 65, Civil Code. Moreover, the expenses incident to the enforcement of the equitable remedy invoked by the receiver will be insignificant as compared with what such expense would be if he were compelled to resort to suits at law against the several stockholders sought to be held liable. Manifestly, in a suit at law against each stockholder, in the county of his residence, when required, the costs resulting in each of such actions would amount to nearly as much, and, in some instances, more than the amount of the assessment owing, and, in any event, such costs, together with those in the main action, when paid, would leave nothing of consequence to be distributed to the creditors of the corporation."

We fail to see the distinction attempted to be made by counsel for the petitioners between this case and that of White v. Harbeson, Judge, *supra*. In that case the recovery sought by the receiver on cross-petition against the stockholders respectively, who were also policyholders, was $3.00 on each $100.00 of insurance in force which the company had granted; and, as it was a

co-operative or assessment company, the assessment was made as required by section 709a, Ky. Statutes. But the liability imposed by the assessment upon the stockholders was several and distinct. No single stockholder was liable for the amount assessed against any other stockholder, and the stockholders resided in various counties of the State.

In the instant case the liability of the stockholders sought to be enforced by the receiver does not arise out of an assessment, but out of their voluntary subscriptions for stock in the insurance company, which, it is alleged, have not been paid. The liability thus incurred, like that of the stockholders in White v. Harbeson, *supra,* is several and distinct. But the fact that it arises out of contract instead of an assessment, does not in principle differentiate this case from that of White v. Harbeson. In iether case the recovery may be had by the receiver for the purpose of paying the debts of the corporation and settling its affairs. The receiver may sue for unpaid stock subscriptions, for, under section 547, Ky. Statutes, they constitute assets of the insolvent corporation, and for that reason may be subjected to the demands of its creditors. Louisville Banking Co. v. Eiseman, 94 Ky. 83; Tiger Shoe Mfg. Co.'s Trustee v. Shanklin, 125 Ky. 715. The corporation might as such, by suit prior to its insolvency, have enforced the collection of these unpaid subscriptions (though not in a single action against all of them), and when, by reason of its insolvency, its property and affairs were put into the hands of the receiver, it became his duty to collect the unpaid subscriptions for the benefit of the creditors of the corporation and to settle its affairs; in doing which he may, for the reasons stated in White v. Harbeson, in the one action brought to settle the affairs of the corporation and in which he was appointed receiver, sue all stockholders for unpaid subscriptions owing by them to the corporation.

The receiver is without power to collect of the stockholders of the insolvent corporation the double liability imposed upon them by section 547, Ky. Statutes, *supra,* because such double liability arises not only out of the insolvency of the corporation of which they are stockholders, but more particularly because of the fact that its assets have been exhausted and its debts in whole or in part left unpaid. In other words, the double liability imposed upon the stockholders of the corporation by the

statute is in the nature of a security to the creditors, and not an asset of the corporation; and we so declared in Farmers Bank of Wickliffe v. Scott, 144 Ky. 575, in which it was held that for the reasons stated the assignee of an insolvent bank could not collect from the stockholders the double liability imposed by the statute, and that such liability could be enforced at the suit of a creditor or creditors alone.

Without further pursuing the analogy between the instant case and White v. Harbeson, Judge, *supra,* it is sufficient to say it would seem that all the reasons given in the latter case for the conclusion therein reached that the Kenton Circuit Court had jurisdiction in the one action brought to settle the affairs of the Kentucky Fire Insurance Company, at the suit of the receiver on cross-petition, to compel of the stockholders in the Kentucky Fire Insurance Company the payment of the amounts assessed against them respectively in behalf of the creditors of the insurance company, exist and apply in behalf of the receiver in the instant case. In other words, the jurisdiction held to be in the Kenton Circuit Court in that case is, in the instant case, possessed and may be exercised by the Franklin Circuit Court, because the right of the receiver to recover of each stockholder is ancillary or incident to the settlement of the corporation's affairs; and for the further reason that to allow the recovery by the receiver and here attempted will prevent a multiplicity of suits and enable the court to do complete justice in the one action before it.

In addition to his claim of jurisdiction for the reasons stated in White v. Harbeson, Judge, *supra,* the respondent contends that such jurisdiction is expressly conferred upon the Franklin Circuit Court by section 753, Ky. Statutes, which provides:

"If he is of the opinion, upon examination or other evidence, that a foreign insurance company is in an unsound condition, or if it has failed to comply with the law, or if its officers or agents refuse to submit to examination or to perform any legal obligation in relation thereto, or, if a life insurance company, that its actual funds are less than its liabilities, he shall revoke or suspend all certificates of authority granted to its agents, and shall cause notifications thereof to be published in some newspaper of this state having general circulation therein; and no new business shall thereafter be done by it or its agents in this Commonwealth while such default or

disability continues, nor until its authority to do business is restored by the commissioner. If, upon examination, he is of opinion that any domestic insurance company is insolvent, or has exceeded its powers, or has failed to comply with any provision of law, or that its condition is such as to render its further proceedings hazardous to the public or to its policyholders, he shall revoke or suspend all licenses issued to it or its agents, and cause notice thereof to be published in some paper having general circulation in the state; and it is hereby also made the duty of the commissioner to immediately notify the general agents of the foreign or domestic company suspended of the suspension, and it shall be the duty of said agents to immediately notify persons insured by them of such suspension by the commissioner, and for failure so to do upon the part of the commissioner or agent, he shall be fined not less than fifty nor more than one hundred dollars for each offense; he shall also apply to the judge of the Franklin circuit court, or the judge of the circuit court where the company is located, to issue an injunction restraining it in whole or in part from further proceeding with its business. Such judge may, in his discretion, issue an injunction forthwith, or upon notice and hearing thereon, and after a full hearing of the matter may dissolve or modify such injunction or make it perpetual; and may make all orders and decrees needful in the premises and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity: *Provided,* That if any injunction issued hereunder be dissolved, and the court or judge dissolving the same shall not state in the order or decree of dissolution that there were reasonable grounds for procuring such injunction, the cost of such proceeding shall be taxed and paid out of the funds of the insurance department.''

It will be observed that in addition to the other powers conferred upon him by the provisions of the section *supra,* the insurance commissioner of the state, in the event he discovers that any domestic insurance company is insolvent, or its condition is such as to render its further proceedings hazardous to the public or to its policy holders, has the power to revoke its license, and also to apply to the judge of the Franklin circuit court, or the judge of the court where the company is located, to issue an in-

junction restraining it in whole or in part from further proceeding with its business. Under the right of election thus conferred, if the commissioner select the Franklin circuit court for the purposes or any of them indicated, the judge of that court would possess complete jurisdiction to exercise all the powers which are conferred by the subsequent provisions of the section, which powers are quite broad and comprehensive as, among other things, they declare that the judge *"may make all orders and decrees needful in the premises and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may from time to time prescribe, according to the course of proceeding in equity."* The authority here conferred is broad enough to empower the judge of the Franklin circuit court, in the character of case that we here have, to render any judgment or enter any order that may be necessary to the proper winding up or settling of the affairs of the insurance company, including the payment, through a receiver, of the obligations of the company out of its assets, and the collection, through the receiver, of obligations due the company which when collected would constitute a part of its assets. In the exercise of the powers thus conferred the Franklin circuit court should be permitted to wind up the affairs of the insurance company as expeditiously and with as little cost as possible consistent with the rights of all concerned. We think it clear that the meaning of the statute is that all proceedings looking to a complete settlement of the affairs of the insurance company shall be had in the court in which the action may be brought by the insurance commissioner, and in the one action. While it may be somewhat of a hardship to compel persons residing in counties other than Franklin, owing unpaid subscriptions, to resist in the Franklin circuit court recovery therefor sought against them in that court, they would not be deprived of making such defense therein; and the hardship to which they would be subjected would, after all, be inconsiderable when compared with the enormous cost that would result from the filing of a separate action by the receiver against each delinquent stockholder in the county of his residence, which would eventually have to come from the stockholders not indebted to the corporation for their stock, to the extent that such cost would reduce the assets of the corporation which would otherwise be distributed in satisfaction of its obligations.

It is not to be overlooked that stock subscriptions remaining unpaid constitute a trust fund for the benefit of the corporation's creditors, and in order that none of the stockholders owing unpaid subscriptions may escape responsibility therefor, all may be sued alike, regardless of residence, by the receiver in the one action brought to settle the affairs of the corporation, such right of action in the receiver being ancillary to the main suit.

It is, therefore, our conclusion that the respondent, as judge of the Franklin circuit court, possesses and may rightfully exercise the jurisdiction asserted by him in this case. Therefore, his demurrer to the petition is sustained and writ of prohibition prayed by the petitioners is denied.