## Mercer-Lincoln Pine Knob Oil Company v. Payne, et al.

## Same v. Cora T. Ruhr, now Ronan.

(Decided January 27, 1925.)

## Appeals from Fayette Circuit Court.

1.  Corporations—Evidence Held Not to Show Defrauded Purchasers of Stock Guilty of Laches.—Evidence held to show that purchasers of oil stock acted promptly on learning of fraudulent representations inducing them to purchase, and were not guilty of laches in not learning such facts sooner, thus depriving them of any remedy.

2.  Appeal and Error—Judgment Against Corporation Ceasing to Exist upon Consolidation Held Not Prejudicial to Consolidated Corporation which was Only Appellant.—In action by purchasers of oil stock against several oil companies, which later consolidated, for rescission on ground of fraud, judgment against one company, which under the statutes ceased to exist when consolidation was made, is not prejudicial to the consolidated company, which is the only appellant, and, if void as to such nonexisting company, judgment may be corrected in lower court by motion.

3.  Corporation—Consolidated Corporation Held Liable for Fraudulent Representations to Purchaser of Stock by One of Consolidating Corporations.—Where an oil company was liable to purchaser of stock because of fraudulent representations and later consolidated with several other corporations, under Ky. Stats., section 556, such consolidated corporation assumed liabilities of original corporation, and such liability was properly enforced against it.

C. C. RANKIN for appellants.

A. M. BAKER, J. A. EDGE, and TAYLOR N. HOUSE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

These two appeals on the same record will be disposed of in one opinion.

Previous to March, 1919, D. P. Weeks had taken oil leases on a large acreage in the vicinity of Stanford, Kentucky, and in March, 1919, he organized the Pine Knob Oil and Gas Company as a corporation, with a capital stock of $100,000.00. He transferred to it the oil leases and it issued to him in return therefor $50,000.00 of its stock. It made an arrangement with Bradley and Kemper by which they were made the agents of the company to sell the stock. In May Bradley and Kemper sold Kate S. Payne $1,500.00 of the stock and to Cora T. Ruhr

the same amount. About this time another corporation was organized at Harrodsburg, Kentucky, known as the Mercer-Lincoln Oil Company. It owned a considerable amount of leases in Mercer and Lincoln counties. In June, 1919, these two corporations decided to consolidate, the terms being that each stockholder in the original corporations could have the same shares of stock in the consolidated corporation, known as the Mercer-Lincoln Knob Oil Company. The required notices of the consolidation were given and on July 19th it was finally consummated. Mrs. Payne and Mrs. Ruhr received notice of the proposed consolidation and Mrs. Payne accepted stock in the new corporation. Early in August the corporation thus created decided to consolidate with the McKenzie Oil Company of Lexington, Kentucky. Notice of this proposed consolidation was duly given and on September 4th the consolidation was completed. The name of the consolidated company was the Mercer-Lincoln Pine Knob Oil Company. On October 3, 1919, Mrs. Payne and Mrs. Ruhr filed these suits in equity against the Pine Knob Oil and Gas Company and the Mercer-Lincoln Pine Knob Oil Company and D. P. Weeks seeking a rescission, alleging that they had been induced to purchase this stock by the fraudulent representations that the Pine Knob Oil Company had one well producing 150 barrels of oil per day and other producing wells, and that the plaintiffs did not learn of the fraud until about the first of August.

The issues were made up; an amended petition was filed seeking a receivership for the companies. The receiver was appointed and on final hearing a judgment was rendered in favor of the plaintiffs against the Pine Knob Oil Company and the Mercer-Lincoln Pine Knob Oil Company. Separate appeals are prosecuted but by consent they are heard together on one record.

The record discloses that the Pine Knob Oil and Gas Company was insolvent from the beginning and that the Mercer-Lincoln Pine Knob Oil Company and the McKenzie Oil Company were both insolvent at the time of the consolidation referred to. Nothing of consequence has come into the hands of the receiver as the assets of these companies. The proof also shows that the plaintiffs subscribed for the stock upon the representations that the Pine Knob Oil and Gas Company had one well producing 150 barrels per day and other producing wells and that

these representations were untrue; the company in fact had nothing of value. But it is earnestly insisted that as the plaintiff did not complain or bring suit until October 3rd, and that this was after the two consolidations above referred to had been made, they are without remedy.

The authorities are clear that in a case of this sort the defrauded stockholder must act promptly. In Ky. Mutual, &c., Co. v. Schaefer, 120 Ky. 230, the court thus stated the rule:

"Where there has been a failure to exercise care to discover the fraud, and the rights of innocent parties will suffer, then he whose negligence has caused the loss should bear it; but where a subscriber for stock is in no fault, and is himself the innocent victim of a fraud, which he did not and could not discover before the perpetrator of the fraud failed, he is entitled to make any defense against the assignee which he could make against the assignor."

Again, in Reed v. Owensboro, &c. Trust Co., 141 Ky. 444, it said:

"So that while fully adhering to the rule laid down in the Schaefer case, we are not disposed to extend the doctrine therein announced so as to enable the stockholder to have a rescission after insolvency proceedings have been instituted when he has not been diligent to protect his rights and when to grant him such relief would be prejudicial to creditors."

This has been followed in a number of subsequent cases in which relief has been denied where no action was taken for two or three years. Palmer v. Citizens' Bank, 179 Ky. 54; Preston v. Jeffers, 179 Ky. 384; Levassor v. Metropolitan Ins. Co., 188 Ky. 23; Medley v. Johnson, 200 Ky. 689.

But these cases do not apply here. On August 6th, plaintiffs becoming dissatisfied, had their attorney to write for information. Not getting satisfactory information they began an examination and brought their suit on October 3rd. There had been no such unreasonable delay as to deprive them of remedy. All the circumstances must be considered. The delay which will deprive the person defrauded of his right to relief must amount to laches, and it cannot be said under all the

facts that these ladies were guilty of laches in not learning sooner the facts.

It is also insisted that the court erred in giving judgment against the Pine Knob Oil and Gas Company, because that company, under the statute, had ceased to exist when the consolidation was made. But the only appellant here is the Mercer-Lincoln Pine Knob Oil Company and it is in nowise prejudiced by the judgment against the Pine Knob Oil and Gas Company. If, as suggested, the judgment against the Pine Knob Oil and Gas Company is void as the company had ceased to exist before the judgment was entered, the judgment may be corrected by motion in the circuit court.

By the consolidation the Mercer-Lincoln Pine Knob Oil Company is liable for all the liabilities of the Pine Knob Oil and Gas Company. The latter company was liable to plaintiffs for the money obtained from them by representations which were untrue and this liability was properly enforced against the consolidated company. Section 556, Kentucky Statutes, provides that the consolidated corporation ''shall be vested with all the rights, privileges, franchises, exemptions, property, business, credits, assets and effects of the constituent corporations without deed or transfer, and shall be bound for all their contracts and liabilities.'' The rule as to the remedy of the creditor is thus stated in 7 R. C. L. 187:

> ''It is well settled that where the new company formed by a consolidation assumes or has imposed on it the liabilities of the constituent corporations, a creditor of one of the constituent corporations may enforce his claim directly against the consolidated corporation in an action at law.''

Liability is a very broad word:

> ''Liability is defined by Black's Law Dictionary to be 'the state of being bound or obliged in law or justice to do, pay or make good something; legal responsibility.' Webster defines it to be 'the state of being bound or obliged in law or justice; responsibility.' Bouvier defines it to be 'responsibility; the state of one who is bound in law and justice to do something which may be enforced by action.' ''
> Benge's Admr. v. Bowling, &c., 106 Ky. 575.

Judgment affirmed.