## James, et al. v. Bosworth.

(Decided November 22, 1927.)

(Rehearing Denied, with Modifications, March 6, 1928.)

### Appeal from Fayette Circuit Court.

1. Statutes.—In determining whether receiver of corporation has power to maintain action against stockholders, Ky. Stats., section 547, providing that stockholders shall be liable to creditors for full amount of unpaid stock, section 560, providing that any liability of corporations or their stockholders, or rights of creditors, shall not be impaired by consolidation of corporations, and section 568, providing that no corporation shall issue stock, except for equivalent in money paid, labor done, or property received, and that all fictitious increase of stock shall be void, must be read together.

2. Corporations.—Under Constitution, sec. 193, and Ky. Stats., sec. 568, declaring that all fictitious increase of stock shall be void, and that no corporation shall issue stock, except for an equivalent in money paid, labor done, or property received, corporation has no cause of action against stockholders for not paying for stock issued, except to set the stock issues aside.

3. Corporations.—In suit against stockholders for payment of stock which had been issued to them, corporation's receiver held to have only such cause of action as the corporation would have, and no rights of action vested in creditors.

4. Corporations.—Receiver of corporation held not to have right to bring action against stockholders who had not paid par value for stock issued to them, to collect amount unpaid, since corporation

had no such right, which is exclusively vested in creditors of corporation.

C. E. RANKIN for appellants.

J. A. EDGE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On December 31, 1918, the McKenzie Oil Company was incorporated at Lexington, Ky., with a capital stock of $100,000. Four men subscribed for stock to the extent of 5,000 shares each, $1 par value. Each of the four was to pay $1,000 for his stock, and each paid that amount and received the stock.

On February 17, 1919, the Pine Knob Oil & Gas Company was incorporated at Stanford, Ky., with a capital stock of $100,000, divided into shares of $1 each. On May 12, 1919, the Mercer-Lincoln Oil Company was incorporated at Harrodsburg, Ky., with a capital stock of $100,000, divided into shares of $1 each. Three of the corporators had leases thought to contain oil. These they assigned to the company. Seven other corporators paid in $500 each. Each of the ten received 5,000 shares of stock, and the company began business.

On July 19, 1919, the Pine Knob Oil & Gas Company and the Mercer-Lincoln Oil Company were consolidated under the name of the Mercer-Lincoln Pine Knob Oil Company; the new corporation having a capital stock of $200,000, which was divided among the original stockholders, who surrendered their old certificates and received new certificates for like amount. On September 4, 1919, the Mercer-Lincoln Pine Knob Oil Company and the McKenzie Oil Company consolidated under the name of the former; the new corporation to have a capital stock of $300,000. The shares of the old company were surrendered and new shares were issued in the same amounts to the stockholders.

In the meantime, in May, 1919, Cora T. Ruhr and Kate S. Payne purchased stock in the Pine Knob Oil & Gas Company, for which they paid about $3,000, on certain representations then made. On October 3, 1919, they sued the Pine Knob Oil & Gas Company and the Mercer-Lincoln Pine Knob Oil Company to recover the money they had paid, on the ground that it had been obtained by fraud. During the progress of the action, on March 24, 1920, on the plaintiffs' motion, a receiver was appointed for the Mercer-Lincoln Pine Knob Oil Company,

who took charge of its effects. By a subsequent order C. C. Bosworth was substituted for the receiver first appointed. The plaintiffs' action progressed to judgment in their favor, and on appeal to this court the judgment was affirmed. Mercer-Lincoln Pine Knob Oil Company v. Payne, 206 Ky. 848, 268 S. W. 584. In the meantime, and on October 15, 1921, the Mercer-Lincoln Pine Knob Oil Company and C. C. Bosworth, its receiver, filed in the action its cross-petition, in which it alleged that the stock in that company, which was issued to the stockholders of the two old companies, was without consideration when surrendered to the consolidated company, and that each of the parties paid nothing for the stock issued to them by the new company, and was indebted to the consolidated company in the amount of the stock so issued. Judgment was prayed against them for the full amount of the stock, and it was alleged that the Mercer-Lincoln Pine Knob Oil Company was indebted in sums exceeding $15,000. The defendants demurred to the cross-petition; their demurrer was overruled; voluminous proof was taken, and upon final hearing the circuit court entered judgment against the stockholders for certain amounts set out therein, and made an allowance to the receiver and his attorney. The defendants appeal.

The first question arising in the case is: Has the receiver power to maintain the action? Sections 547, 560, and 568, Ky Stats., provide as follows:

547. "The stockholders of each corporation shall be liable to creditors for the full amount of the unpaid part of stock subscribed for by them, and no stockholder shall be liable because of being a stockholder, for any sum more than to the amount of the unpaid part of stock held by such stockholder of any company, except stockholders in banks, trust companies, guaranty companies, investment companies, and insurance companies shall be liable equally and ratably, and not one for the other, for all contracts and liabilities of such corporation to the extent of the amount of their stock at par value, in addition to the amount of such stock."

560. "Any liability of corporations, or the stockholders or officers thereof, or the rights or remedies of the creditors thereof, or of persons doing or transacting business with the corporations, shall not in any way be lessened or impaired by the sale

thereof, or by the increase or decrease in the capital stock of any coproration, or by the consolidation of two or more corporations, or by any change or amendment in the articles of incorporation.''

568. ''No corporation shall issue stock or bonds except for an equivalent in money paid or labor done, or property actually received and applied to the purposes for which such corporation was created, and neither labor nor property shall be received in payment of stock or bonds at a greater value than the market price at the time said labor was done or property delivered; and all fictitious increase of stock shall be void.''

The three sections must be read together. Section 568 is the same as section 193 of the Constitution. In Taylor v. Citizens' Oil Company, 182 Ky. 350, 206 S. W. 644, it was held that the corporation may by action compel the stockholder to surrender for cancellation all stock in excess of the market value paid therefor; that this is the only action that the corporation may maintain; but that at the suit of creditors the stockholder may be compelled to pay the difference between the amount he actually paid and the par value of the stock. The court said:

''Section 547 is in aid of creditors of the corporation, while section 568 safeguards the corporation and its bona fide stockholders.''

This is the necessary effect of the constitutional provision declaring such issues of stock void; for, if they are void, the corporation can have no cause of action, except one to set them aside. In Stoecker v. Goodman, 183 Ky. 330, 209 S. W. 374, the court, having before it the question of the liability of the stockholders, under section 193 of the Constitution and sections 547 and 568, Kentucky Statutes, where they had paid nothing for their stock, said this:

''Though it be true that they incurred no liability to the corporation because of its conduct in permitting its agents to represent the common stock as fully paid, yet they incurred a liability to the creditors of the corporation.''

When the Pine Knob Oil & Gas Company obtained the money from Mrs. Ruhr and Mrs. Payne, they became its creditors. When the Pine Knob Oil & Gas Company

consolidated with the Mercer-Lincoln Oil Company, they became the creditors of the consolidated company, the Mercer-Lincoln Pine Knob Oil Company. When this consolidated company was consolidated with the McKenzie Oil Company, they became creditors of the consolidated company thus formed.

The only right of action vested in the corporation was the cancellation of the stock for which value had not been paid. The receiver did not assert this right of action. He asserted only the right of action which is exclusively vested in the creditors to recover the amounts not paid by the stockholders.

As a general rule, the receiver takes only such rights as were vested in the corporation, and he cannot maintain an action unless the corporation could have maintained it before the receivership.

> "While, speaking in general terms, the receiver is a trustee for the creditors, and for stockholders as well, in respect to their interest in the property and assets of the corporation, resting upon the fact that they are or may be the beneficiaries of the fund which he collects, yet he stands, in a suit against stockholders, as the representative of the corporation, taking the rights of the corporation, such as could have been asserted in its name, and on that basis only can he litigate; that is, he succeeds to the title and rights of action of the corporation itself, and takes all such rights as the corporation itself originally had and may enforce them by the same legal remedies." 23 R. C. L. p. 116, sec. 124.

While there is some conflict of authority on the question, the above statement of the rule is supported by the weight of authority, in the absence of some statute enlarging the power of the receiver. This view was upheld by this court in Ray v. First National Bank, 111 Ky. 377, 63 S. W. 762, 23 Ky. Law Rep. 717, and seems to the court to be sound. The court therefore concludes that the defendant's demurrer to the receiver's petition should have been sustained.

In Lock v. Stout, 173 Ky. 304, 191 S. W. 90, Preston v. Jeffers, 179 Ky. 384, 200 S. W. 654, and Levassor v. Metropolitan Fire Ins. Co., 188 Ky. 23, 220 Ky. 752, the receiver sued upon the subscription made by the stockholder. The corporation had a cause of action to recover on the contract made with it. The suit by the receiver was a suit to enforce the cause of action vested in the

corporation. Louisville Banking Co. v. Eiseman, 94 Ky. 83, 21 S. W. 531, 1049, 14 Ky. Law Rep. 705, 19 L. R. A. 684, 42 Am. St. Rep. 335, simply holds that "stock sub- scribed and unpaid," when collected "becomes a part of the corporate assets." But here the suit by the receiver is to enforce a cause of action that never vested in the corporation, and was vested only in the creditors. The money here sued for, if collected, would not be part of the corporate assets.

Judgment reversed, and cause remanded for a judg- ment as above indicated.