## MARMOR INS. AGENCY et al. v. ARDERY, Judge of Franklin Circuit Court, Franklin County.

Court of Appeals of Kentucky.
June 22, 1951.

Steinfeld & Steinfeld, Louisville, for petitioner.

Clyde E. Reed, Frankfort, for respondent.

LATIMER, Justice.

This action is submitted to this Court on the petition of Marmor Insurance Agency, a corporation, and Arch J. Marmor for a writ of prohibition against Hon. W. B. Ardery, Judge of the Franklin Circuit Court, an outgrowth of the following situation.

The Keystone Mutual Casualty Company, a Pennsylvania corporation, was actively engaged in business until June 25, 1947, at which time the Insurance Commissioner of Pennsylvania, pursuant to the statutory provision of that state, after having found the company to be insolvent, made application

to the court for a rule against the officers, agents and employees of the company to restrain them from further transacting any business of the company and, among other things, for authority to take possession of all of its property and assets and to liquidate the company. An order was entered directing the Insurance Commissioner to take possession of the property and assets of the Keystone Company and directing that its business and affairs be liquidated by and under the direction of the Insurance Commissioner of Pennsylvania.

During its corporate existence, the Keystone Company was duly licensed and authorized to engage in business in Kentucky.

Following the action taken in Pennsylvania, the Kentucky Director of Insurance revoked the license of the Keystone Company to do business in this state. He then filed a petition in the Franklin Circuit Court against the Keystone Company and against the Insurance Commissioner of Pennsylvania, who was the statutory liquidator of the insolvent company, and prayed that an ancillary receiver be appointed. The court thereupon appointed Charles L. Hobson ancillary receiver, with authority to institute "such suits at law or in equity as he may deem proper to recover any indebtedness due and owing the estate of Keystone."

There was filed in the Franklin Circuit Court in the receivership proceeding an answer and cross-petition against Marmor Insurance Agency, Arch J. Marmor and others who were not residents of Franklin County.

Upon the filing of the answer and cross-petition summonses were issued, one of which was directed to the sheriff of Jefferson County commanding him to summons Marmor Insurance Agency and Arch Marmor. The process was duly executed in that county.

Marmor Insurance Agency and Arch J. Marmor filed their special demurrers and motions to quash, which were overruled by the respondent as Judge of the Franklin Circuit Court. Whereupon this writ of prohibition action was instituted seeking to prohibit the Franklin Circuit Court from assuming jurisdiction of the parties or subject matter.

During the existence of Keystone in this state the petitioners entered into an agency agreement with Keystone for the purpose of soliciting, procuring and transmitting applications for insurance in the Louisville territory. This agreement continued up to the revocation of Keystone's license.

The ancillary receiver of Keystone is claiming an indebtedness against petitioners in the amount of $14,306.58. Petitioners allege that they have numerous offsets and that such an accounting will require a number of hearings, the production of numerous books and records, the introduction of numerous witnesses and the taking of voluminous proof; that all of the records and witnesses are in Louisville and that if required to submit to the jurisdiction of the Franklin Circuit Court they would be put to heavy expense and inconvenience and that they will suffer irreparable injury. The petitioners further allege that the recovery sought against them is a transitory action and that since they are residents of Jefferson County, they must be sued under the provisions of Section 78 of the Civil Code of Practice in that county, and that requirement to appear and defend in the Franklin Circuit Court would be a violation of their rights and result in great injustice and irreparable injury. They further contend that there exists no adequate remedy by appeal or otherwise.

The petitioners contend that since this is an action upon a contract to pay money, the action is governed by Section 72, Civil Code of Practice and must be brought in Jefferson County, the place where the office of the Marmor Insurance Agency is situated and where its officers and agents reside.

The respondent contends, on the other hand, that he does have jurisdiction because (1) the cause of action asserted against the petitioners in the cross-petition is merely incidental or ancillary to the main action pending in the Franklin Circuit Court to wind up the affairs and business of the Keystone Company in this state and is governed by Section 65 of the Civil Code of

Practice rather than Section 78, and because (2) such jurisdiction is expressly conferred upon the Franklin Circuit Court by KRS 296.070.

Section 65 of the Civil Code of Practice in part is as follows: *"Deceased person or assigned estate.* An action to settle the estate of a deceased person, of a person, corporation or company assigned for the benefit of creditors of any estate in the hands of a receiver of court must be brought in the county in which such personal representative, assignee or receiver qualified, and for the purpose of a settlement of such estates, such personal representative, assignee or receiver, shall have the same power to sue as had the deceased person, the assignor, or owner of the estate in such receiver's hands, · * * *."

KRS 296.070 (4), which deals with revocation of authority of insurance companies, provides in part: "The director shall also apply to the judge of the Franklin circuit court or the judge of the circuit court of the county in which the company is located, for an injunction restraining the company, * * * from further proceeding with its business."

■ The general rule with reference to jurisdiction of the court appointing a receiver is stated in 45 Am.Juris., Jurisdiction and Control of Court, Section 176, page 146, which in substance is that a receiver when appointed by a court assumes the administration of the estate in receivership and that the court has control of such administration and the receiver is subject to the court's directions and orders and has jurisdiction to make such orders as the exigencies of the situation require. The respondents in support of their position cite and rely upon White v. Harbeson, 169 Ky. 224, 183 S.W. 475, L.R.A.1916D, 1129, and Lock v. Stout, 173 Ky. 304, 191 S.W. 90, which squats squarely on the White case.

In White v. Harbeson, the receiver of an insolvent mutual assessment fire insurance company instituted suit against the several members, who resided in various counties of the state, in the county having jurisdiction of the receivership proceedings. The various policy holders were liable only in small amounts, and the costs of separate suits in the counties of their residence would practically consume the assessments sought to be collected. This court held that the court of equity having jurisdiction of the receivership proceedings might, under Section 65 of the Civil Code of Practice, entertain the suit, though the subscribers did not all reside in the same county.

The court in that case said: "These cases establish the rule that where the determination of a matter is incident to the action the court has jurisdiction in that action to determine it notwithstanding the venue of an action as to such matter would, under other circumstances, be fixed by a different provision of the Code in another county." [169 Ky. 224, 183 S.W. 477.]

The main difference between the White case and the instant case is that in the former case the liability sought to be enforced accrued out of a statutory assessment, while in the instant case the liability arises out of a contract. However, in each case the liability is several and distinct.

The case of Lock v. Stout, 173 Ky. 304, 191 S.W. 90, 92, appears to be analogous to the White case. The court said: "In the instant case, the liability of the stockholders sought to be enforced by the receiver does not arise out of an assessment, but out of their voluntary subscriptions for stock in the insurance company, which it is alleged have not been paid. The liability thus incurred, like that of the stockholders in White v. Harbeson, supra, is several and distinct. But the fact that it arises out of contract, instead of an assessment, does not in principle differentiate this case from that of White v. Harbeson".

For cases in other jurisdictions in accord with White v. Harbeson and Lock v. Stout, see Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669; Chicago Title & Trust Co. v. Fox Theatres Corporation, 2 Cir., 69 F.2d 60, 91 A.L.R. 991.

We note quite a distinction between the two cases cited and the case at bar. There is a similarity of facts in the two cases cited although one was an action against policy holders and the other was on unpaid stock subscriptions. In the instant case the peti-

tioners are neither stockholders nor policy holders. They are debtors only. Their relationship with the Keystone Company and necessarily with the ancillary receiver is that of debtor and creditor. They have no interest in the subject matter involved in the receivership.

By no stretch of the imagination can the petitioners become participants in any portion of the assets of Keystone. They could not be held responsible for any indebtedness except that which is based upon their contractual relationship with the insurance company. There is no such community of interest as is found in the cases cited nor do the petitioners have any interest whatsoever in the company or its property. It is simply a matter of the receiver trying to collect an alleged debt and obtaining a personal judgment therefor.

In the two cited cases the court apparently was careful to limit the jurisdiction to those particular situations where the defendants are a part and parcel of the organization sought to be liquidated and who have a community of interest therein.

In the rather old case of Citizens National Bank of Louisville v. Boswell's Adm'r, 19 S.W. 174, 175, 14 K.L.R. 17, decided in 1892, wherein it was said: "To allow the representatives of such estate to make the debtors of it, or persons who are liable to it in some way, parties to such action, and obtain judgment against them, would be to give the circuit court of the county in which the personal representative qualified jurisdiction of all the debtors of the estate, or other persons supposed to be liable to it, notwithstanding the fact that they might reside in every county in the state, and compel them to attend court in a distant county to look after their rights, and to litigate differences in reference to the same. It seems that the local jurisdiction given by the section supra, and the other section of said article, should be confined to the parties and causes enumerated in said sections; and to allow the local jurisdiction to extend to the appellant would violate sections 78 and 79 of the same article, in reference to transitory actions. The action against the appellant is transitory, and is not localized to a

particular county by reason of the fact that the representative of the decedent's estate qualified and brings his action in that county to settle the estate."

By rather ridiculous analogy let us suppose that the ancillary receiver had in hand a note secured by a mortgage on real estate in Bell County, Kentucky. Would he contend that he could bring action here, obtain judgment on his mortgage and sell real estate in Bell County? Or, suppose the company had a claim against someone in McCracken County growing out of an alleged tort which happened in McCracken County, would the ancillary receiver take the position that he could bring such action here in Franklin County and get service upon the resident of McCracken County in the tort action? The provisions of the code as to where an action may be brought in transitory actions are no less potent than the provisions controlling the supposed cases above.

■■ True, the court in Franklin County has jurisdiction over all matters as far as the settlement of the estate is concerned including the distribution of all assets brought before it. But the right of ancillary receiver to bring an action to recover assets can not possibly rise higher than those rights possessed by the person or corporation represented. In 45 Am.Juris., Section 434, page 342 we find: "The general rule is that receivers, where there has been no enlargement of their powers by legislative enactment, have such rights of action and remedies, and no more, as were possessed by the persons or corporations upon whose estates they administer." See also James v. Bosworth, 223 Ky. 1, 2 S.W.2d 1075.

To adopt the reasoning of respondent would permit an administrator of an estate in Pike County to compel an alleged debtor in Fulton County to appear and answer in Pike County. That is not the law as we conceive it.

■ Since the relationship of debtor and creditor exists, based upon a contractual relationship, and, since the parties against whom the demand is made have no community of interest and are not an integral

part of the organization, it follows that the ancillary receiver in bringing action is controlled by the provisions of the code as to the place where the action must be brought.

The writ of prohibition is hereby granted.